CAROLINE E. BLAGGE ET AL. V. BART MOORE ET AL.

No. 137.

1. **Jurisdiction of District Court.** — The Constitutions of 1866 and of 1869, after conferring jurisdiction on the District Courts to try certain enumerated cases, adds, "And of all suits, complaints, and pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to one hundred dollars, exclusive of interest." Under this clause there can be no jurisdiction until there is a suit, complaint, or plea, *and a matter in controversy.* The phrase, matter in controversy, implies that the pleading which invokes jurisdiction must disclose an adversary and assert a right against him.

2. **Same — Judicial Powers.** —The essential functions of District Courts in this State have always been judicial, not administrative; they adjudicate differences between litigants; they do not register and administer agreements between individuals.

3. **Same.**—A petition by a number of part owners of land addressed to the District Court, and disclosing an agreement as to the rights of the parties in the land, and asking an order of sale thereof, does not confer jurisdiction; it is not a suit; there is no controversy. Nor does the fact that one of the parties is a minor alter the rule.

4. **Estoppel Against Married Woman.**—A married woman joined her husband with others in an application to the District Court asking an order of sale for land in which she had an interest. Sale was ordered and made. The purchaser accounted to her husband for her proportion of the proceeds of the sale. She neither concealed nor misrepresented anything; no part of the proceeds was used to discharge a lien upon or to otherwise benefit her separate property. The sale was void. *Held*, she was not estopped to claim the land so sold.

5. **Notice.**—A purchaser is charged with notice of the nullity of a sale forming a link in the line of his title disclosing the facts from which the invalidity results. See example.

6. **Same.**—Jurisdiction of a subject matter can not be conferred by consent; and if the proceedings forming a link in the title are void, all persons holding under them are charged with a knowledge of their invalidity.

APPEAL from McLennan.   Tried below before Hon. A. C. PRENDERGAST, Special District Judge.

*F. G. Morris*, for appellants.—1.  The decree of the District Court of Galveston County for a sale of real estate for the purpose of partition, in 1869 and 1870, when the statute law did not authorize such sales by courts, was void, because the District Court had no jurisdiction at that time to sell real estate for the purpose of partitioning the proceeds thereof. Const. 1869, art 5, sec. 7; Pasch. Dig., arts. 4707–4716; Freem. on Coten. and Part., secs. 536, 537–539; Giddings v. Messner, 65 Texas, 301; Pome. Eq. Jur., sec. 1390; Bisp. on Prin. of Eq., sec. 498; Delony v. Walker, 9 Porter, 497; Harkins v. Pope, 10 Ala., 499; Wood v. Little, 35 Me., 107; Codman v. Tinkham, 15 Pick., 364.

2. If the District Court had jurisdiction to decree a sale of real property for partition, such jurisdiction existed only when there was a suit, complaint, or plea at law or in equity filed in said court, and the ex parte application to the court for the order of sale in question was not a suit, complaint, or plea at law or equity within the meaning of the Constitution in force at the time of the proceeding in question. Giddings v. Messner, 65 Texas, 30; Freem. on Coten. and Part., secs. 544, 545; Rorer on Jud. Sales, 2 ed., secs. 1, 24, 25, 106, notes to sec. 106; Halleck v. Guy, 9 Cal., 195; Hords v. Burton, 79 Ill., 509; Berry v. Donley, 26 Texas, 737; Eckhardt v. Schlecht, 29 Texas, 130; Fitzgerald v. Turner, 43 Texas, 79; Johnson v. Bryan, 62 Texas, 623.

*Clark & Bolinger* and *John L. Dyer*, for appellees.—1. The appellant, Caroline Blagge, formerly Caroline Butler, having by her own act become a party to the action for partition in which her joint owners were parties, in the District Court of Galveston County, said court then being a court of general jurisdiction, and having petitioned said court for a sale of said lands for the purposes of partition, invested said court with jurisdiction both as respected her person and the subject matter involved; and its decretal order directing the sale of the property in controversy, and made conformably with her petition, is binding on her unless set aside by a direct proceeding, and was such an order as said court, in the rightful exercise of its jurisdiction thus duly invoked by said appellant, had a right to make. Const. 1866, art. 4, sec. 6; De la Vega v. League, 64 Texas, 214; Ryan v. Maxey, 43 Texas, 194; Bowers v. Chaney, 21 Texas, 367; Thouvenin v. Rodrigues, 24 Texas, 479; Coffee v. Silvan, 15 Texas, 357; Grassmeyer v. Beeson, 18 Texas, 766; Seguin v. Maverick, 24 Texas, 526.

2. Appellant Caroline Blagge and her co-owners of the property in controversy having by their own direct act authorized the proceeding in said ex parte suit for partition and for sale of said lands for such purpose, and having received the purchase money arising out of such sale, they are estopped now in this proceeding to question the validity of a sale under such proceedings or to attempt to nullify same. The fruition of such an attempt would be a fraud upon the rights of appellees as purchasers of said property, which the courts can not and will not sanction. Klein v. Glass, 53 Texas, 44; Millican v. Millican, 24 Texas, 439; Ryan v. Maxey, 43 Texas, 195; Dutton v. Rust, 22 Texas, 133; Fitzgerald v. Turner, 43 Texas, 86; Hartwell v. Jackson, 7 Texas, 581; Chubb v. Johnson, 11 Texas, 477.

KEY, ASSOCIATE JUSTICE.—Appellants, Caroline E. Blagge, joined by her husband, H. W. Blagge; Fannie L. Nichols, joined by her husband, Fred M. C. Nichols; A. S. Butler, Sadie J. Butler, and Allen G. Butler, in-

stituted this suit against appellees to recover 600 acres of land, part of a two-league grant to Thomas J. Chambers, in McLennan County.

Appellants stated in their petition, that Caroline E. Blagge owned an undivided one-half interest in said land in her separate right, that Fannie L. Nichols owned an undivided one-fourth, and the other plaintiffs the remainder. They also pleaded in the alternative, that if any of the plaintiffs should fail to recover, and it appear that the other plaintiff or plaintiffs and the defendant owned the land jointly, then for a decree of partition.

Appellees, defendants in the court below, pleaded not guilty, the statutes of three, five, and ten years limitations, and improvements made in good faith.

In avoidance of the plea of limitation, Caroline E. Blagge pleaded coverture, and Fannie L. Nichols pleaded infancy and coverture.

The court instructed the jury to return a verdict for the defendants, which was done, and judgment rendered accordingly.

Upon the testimony in the record and admissions in appellants' brief, this court finds as follows:

1. The land in controversy is part of two leagues granted by the State of Coahuila and Texas to Thomas J. Chambers on the —— day of March, 1832.

2. August 7, 1847, Thomas J. Chambers conveyed said two leagues of land to John S. Sydnor, by deed duly executed.

3. July 24, 1848, John S. Sydnor conveyed said two leagues of land to Jonas Butler, by deed duly executed.

4. It was admitted by the defendants that in partition with the other joint owners of said two leagues, the land described in plaintiffs' petition was duly and legally set aside to Jonas Butler and his heirs, in the year 1859, in a decree of partition.   *   *   *

*Opinion.* — 1. The evidence introduced by appellants showed prima facie, that they were the owners of the land sued for, and they are entitled to recover the same, unless defeated by the testimony offered by the appellees. Counsel for appellants concedes in his brief that all the appellants except Mrs. Caroline E. Blagge are barred by limitation. For this reason her rights only will be considered in this opinion.

Appellants rely upon the proceedings, and sheriff's sale made thereunder, in the District Court of Galveston County, in the case of Ex Parte H. W. and Caroline E. Blagge and others, shown by the record, to show that appellants, or those under whom they claim, had been divested of all title to the land.

Appellants, among other objections to the validity of the sale in question, contend, that said District Court had no jurisdiction to entertain

the petition and order the sale, and therefore that the sale made by the sheriff was and is absolutely void.

The first step in the proceedings referred to consists of an ex parte petition filed by McLemore & Hume, as attorneys for Harry W. Blagge, Caroline E. Blagge, George J. Butler, and Fanny Butler, a minor, by her guardian, George Butler, the parties at interest. This petition states that Mrs. Blagge and George J. and Fanny Butler are joint owners of the real estate therein described, the former owning an undivided half and the two Butlers owning the other half; and it asks the court to make an order directing the sheriff of Galveston County to sell said lands at public sale at the court house door of said county, on the first Tuesday in November, 1869. This petition was filed July 5, 1869, and on the same day the court granted the order as prayed for. On the 17th day of January, 1870, the same parties, by same attorneys, filed another petition or application, stating that the decree made on July 5, 1869, had not been executed, and asked the court to make an order directing the sheriff to sell said real estate on the first Tuesday in March, 1870. January 17, 1870, the court granted this order; February 7, 1870, the clerk issued the order of sale, as provided in the two decrees referred to, and on the first Tuesday in March, 1870, the sheriff of Galveston County made the sale.

If the District Court of Galveston County had no jurisdiction to make the decretal orders above referred to, then it follows that said orders have not the binding force of a judgment, and they can be assailed in a collateral as well as in a direct proceeding.

When the first decree was made the Constitution of 1866 was in force; when the other order and the sale were made, the Constitution of 1869 had gone into effect. Peak v. Swindle, 68 Texas, 242. But it is immaterial by which Constitution the question of jurisdiction is to be tested; because if under either it existed, it was conferred by the general jurisdiction clause, and these are exactly the same in the two instruments. Each Constitution, after conferring original jurisdiction on the District Courts to try certain enumerated classes of cases, reads as follows: "And of all suits, complaints, and pleas whatever, without regard to any distinction between law and equity, when the matter in controverfy shall be valued at or amount to $100, exclusive of interest." This and similar provisions in other Constitutions of this State constitute what are termed "general jurisdiction clauses."

When this clause is analyzed, it will be seen that there can be no jurisdiction under it until there is a suit, complaint, or plea, and a matter in controversy. The phrase "matter in controversy" does not signify that there must necessarily be an issue of either fact or law when the case is called for trial, because the defendant may confess judgment. But it implies that the pleading which invokes jurisdiction must disclose an ad-

versary, and assert a right against him which is not shown by the pleading to be conceded by him.

In Messner v. Giddings, 65 Texas, 308, in considering the question of District Court jurisdiction under the Constitution of 1866, where the petition disclosed an apparent but not real defendant, our Supreme Court said: "It can not be claimed that the clause of the Constitution first quoted gave such power, for the proceeding was neither a suit, complaint, nor plea involving a matter of controversy. It was a proceeding essentially administrative in its character, and not a controversy between party and party in which adverse claim of right was asserted, such as was evidently contemplated by the Constitution. If it is claimed that in the court, as a court of equity, under that clause, the power existed, it must be replied, that the District Court, whether as a court of law or a court of equity, had only such power as the Constitution gave it. There is no such thing as the inherent power of a court, if by that be meant a power which a court may exercise without a law authorizing it. That clause of the Constitution empowered District Courts to exercise all the power given, whether the procedure necessary to accomplish that purpose be such as pertains to a court of law or a court of equity; but it in no manner conferred upon such courts the power to exercise any and every power which at any time may have been exercised by courts of chancery in England or elsewhere.

"Courts of chancery in England, at an early day, may have exercised such a jurisdiction as the District Court for Washington County assumed to exercise, but we have no inclination now to consider the ground on which the power was then claimed, for at the present day no such power is claimed to exist in a chancery court in England, unless given by act of Parliament. Taylor v. Phillips, 2 Vesey, Sr., 2, 3; Russell v. Russell, 1 Molloy, 525."

The essential functions of District Courts in this State have always been judicial, and not administrative. They are organized to adjudicate differences between litigants, and not to register and execute agreements between individuals. When they have acquired jurisdiction of a cause, they may, by a receiver or otherwise, do many things that are not strictly judicial, but administrative. But their power to do these things is ancillary to their jurisdiction over the main cause. And in the exercise of jurisdiction in probate matters they may exercise functions that are administrative. Such jurisdiction is expressly conferred by other constitutional provisions.

In the proceedings under consideration, the pleadings which form the basis of jurisdiction were not only ex parte, but they disclosed the utmost harmony among the parties to the supposed litigation. Each conceded all the rights that the others asserted. Nothing was left for the court to decide; they were agreed in every particular, and even the possibility of

an issue did not exist. All that was asked of the court was to enter the agreement upon its records, and issue a mandate for its execution. Such being the case, the District Court of Galveston County had no jurisdiction, and the orders made by it are not binding upon Mrs. Blagge. If it be suggested that as Fanny Butler was a minor, it was necessary to have a judicial sale of her interest in the property, otherwise title could not be divested out of her, it may be answered, that the proper court to make such a sale, so as to bind the minor's estate, was the Probate Court in which the guardianship of said estate was pending.

2. Although at the time in question there was no statute authorizing the sale of real property for the purpose of partition, still we do not hold, that had a suit been instituted to partition the land, with the parties plaintiff and defendant thereto, the District Court would not have had the equitable power to order the sale of the property and a division of the proceeds. But such is not the case before us.

3. But it is contended by appellees that Mrs. Blagge is estopped by her conduct from denying the validity of the sale in question. If it be conceded that the facts testified to by the witness McLemore are true, though as to some of them he is contradicted by Mrs. Blagge, the facts upon which it is sought to base an estoppel are these: Mrs. Blagge joined in the application for the order under which the land was sold. McLemore, the attorney of all the parties, bought in the land at the sale, in trust for George Butler; afterwards he sold it to Hugh Evans, under whom defendants hold, and accounted to Mrs. Blagge's husband, who was acting for her, for her interest in the proceeds of the sale; and all of these facts were known to her at the time.

Mrs. Blagge did not misrepresent or conceal any fact; no part of the proceeds of the sale was used to discharge any lien upon or to otherwise benefit her separate property. It must be presumed that purchasers were as well qualified to judge of the validity of the sale as was she.

In the case of Berry v. Donley, 26 Texas, 737, it was held, that a deed executed by a married woman, but not acknowledged before an officer in the manner prescribed by statute, did not pass title to real estate, and that the fact that the consideration was used for the support of herself and family did not create an estoppel against her. The doctrine announced in that case has been repeatedly followed by the same court in other cases. Eckhardt v. Schlecht, 29 Texas, 130; Fitzgerald v. Turner, 43 Texas, 79; Johnson v. Bryan, 62 Texas, 623; Williams v. Ellingsworth, 75 Texas, 480.

In Johnson v. Bryan, supra, the rule of estoppel against a married woman is thus stated: "To estop a married woman from asserting her rights to land, it is essential that she should be guilty of some positive act of fraud, or else of some act of concealment or suppression which in law would be equivalent thereto. For all who deal with a married woman

directly, or deal in any manner affecting her rights, are chargeable with a knowledge of her disability, and that she can only convey land in the manner prescribed by the statute.'' 62 Texas, 623.

The cases cited by counsel for appellees are not similar in their facts to this case, and do not conflict with the cases cited in this opinion.

Conceding the truth of appellees' evidence wherever conflict exists, still it must be held that Mrs. Blagge is not estopped.

4. If we are correct in holding that the District Court of Galveston County had no power to order the sale of the land, and that McLemore acquired no title through his purchase at said sale, of course Evans, who purchased from McLemore, and appellees, claiming under Evans, are chargeable with the vice in McLemore's title. His deed discloses its own invalidity, and no one holding under him can be an innocent purchaser.

5. We deem it unnecessary to consider other points presented in the briefs of counsel. Our views on the questions considered are decisive of the case. A question of practice is all that remains for consideration.

It is insisted, on behalf of Mrs. Blagge, that if it be held that her prima facie title is not defeated by appellees' evidence, conceding it all to be true, then judgment should be here rendered for her for one-half of the land, and the cause remanded for partition.

Appellees do not deny this contention, nor intimate a desire to offer further testimony, and the record does not indicate the existence of other material evidence. Therefore, it is assumed that this disposition of the case, as it will enable appellees at once to take it to the Supreme Court, will be more satisfactory to them than a total reversal.

The judgment of the court below as against all of the appellants except Caroline E. Blagge and her husband, H. W. Blagge, will be affirmed. As to Mrs. Caroline E. Blagge and H. W. Blagge, said judgment will be reversed, and judgment here rendered for said Caroline E. Blagge for an undivided half-interest in the land sued for; and for the purpose of partition between her and the appellees, and adjustment of equitable rights growing out of improvements made by the latter, the cause will, as to them, be remanded. One-half of the costs of this appeal will be taxed against George J. and Fanny Butler, and the other half against the appellees.

*Reversed and rendered as to Caroline Blagge;*
*Affirmed as to other appellants.*

Delivered October 11, 1893.

ON MOTION FOR REHEARING.

KEY, A<small>SSOCIATE</small> J<small>USTICE</small>.—After a careful consideration of appellees' motion for rehearing, we find no sufficient reason for changing the ruling heretofore made on the controlling question in the case. Our conclusion,

that the District Court of Galveston County had no jurisdiction to order the sale under which appellees claim, does not rest so much upon the fact that the parties to the proceeding were not divided into plaintiffs and defendants, as upon the fact that the pleading which forms the basis of jurisdiction not only does not invoke but in fact precludes the exercise of judicial functions. It shows that all the parties to the proceeding had agreed not only as to all matters that could have been submitted to judicial determination, but also upon the officer to be appointed to make the sale, and the time, place, and manner in which it should be made. It indicates that it was not only intended that nothing should be submitted to judicial investigation and decision, but that the ministerial acts to be performed by the court were of a perfunctory character, requiring no exercise of judgment or discretion.

If we could find sufficient reason for holding that the proceeding was a partition suit, we could concur with counsel for appellees in the contention that the court had jurisdiction. But in our opinion it was merely an application for the appointment of an agent to sell certain real estate. It asked the court to exercise, independently, certain functions which it had no power to exercise, separate and apart from other proceedings. Because the court may have had the power in a partition suit to order the property sold, it does not follow that such power existed independently of such a suit.

But little need be added on the question of estoppel. If the proceedings in the District Court of Galveston County were void for want of jurisdiction, the fact that Mrs. Blagge authorized them does not estop her. Jurisdiction of a subject matter can not be conferred by consent; and if the proceedings in question were void, all persons holding under them are charged with a knowledge of their invalidity. On this branch of the case we have considered the question of estoppel only as a defense to Mrs. Blagge's right to recover the land. Other equitable relief can not be had under the plea of not guilty. Fuller v. O'Neil, 69 Texas, 349.

Inasmuch as the case must be remanded for trial upon other issues, and as it is not correct to say that there is no testimony whatever tending to establish an estoppel, we have concluded to grant appellees' alternative request, and reverse and remand the entire cause. All the costs of this appeal will be taxed against the appellees. Except as stated, the motion for a rehearing will be refused.

Delivered February 7, 1894.

FISHER, CHIEF JUSTICE, dissenting.—I can not assent to the disposition made of this case by the majority of the court. In my opinion, the judgment of the trial court should be affirmed, on the ground that the District Court of Galveston County rightfully acquired jurisdiction over the cause and the parties thereto in the partition proceedings had in that court, as

set out in the original opinion delivered by this court. I think the cause pending in the District Court of Galveston County was essentially a suit or action for partition, and one over which the District Court had jurisdiction; and that the case there made is essentially different from that of Messner v. Giddings, 65 Texas, 301.

The validity of partition proceedings is not affected by the attitude that the parties stand to each other in the trial court, nor is it affected by reason of the fact that they do not stand in hostility to each other. If the court has jurisdiction over the subject of partition, they may invoke its jurisdiction and aid, although it may appear from their pleadings that there is no contest between them, and that they are willing that partition may be accomplished in a certain way. Friendly suits of partition are well known to the practice. And because the parties may agree that judgment may be rendered in a certain way, and because the effect intended by the judgment might have been accomplished by the parties out of court agreeing to what they desired the court to do, will not of itself defeat the jurisdiction of the court to render judgment in the matter. A decree under such circumstances would not be void. Grassmeyer v. Beeson, 18 Texas, 764.

This principle is to some extent illustrated in a line of cases that frequently occur, in which the parties, after suit brought, agree that a certain judgment may be entered. The effect produced by this judgment may have been between the parties by agreement accomplished out of court. But we apprehend that such a judgment would not be pronounced void because the parties agreed that it may be rendered in a certain way.

I do not believe that a court that has the jurisdiction over the subject matter will refuse to entertain jurisdiction and render judgment because the parties in interest may beforehand agree as to the manner in which the court shall dispose of the case and render judgment, and how it shall be executed.

To illustrate: Suppose in an action of trespass to try title the defendant and the plaintiff, at the time the plaintiff files his petition, agree in a writing accompanying the petition that judgment may be rendered in a certain way, and the parties join in asking the court that no writ of possession issue, or other process issue. Will the court in such a case decline jurisdiction, because the parties have consented and agreed to a full and final disposition of the matter, and because the result sought to be accomplished by the judgment could have been reached by the parties under an agreement independent of a judgment by the court? I think not. It seems to me that the case before the court is within this illustration.

Parties entitled to a partition, while they may agree, and might have fixed their several rights and interest by agreement, are not bound to do so; and because they may have agreed is no reason why a court will not decree partition between them when asked by a petition to that effect.

They may rather rest their rights acquired in the thing divided under a decree of partition than upon an agreement between them. The decree of partition is something more than an agreement, and gives the parties holding under the decree a greater security and protection than they would have simply under an agreement of partition. The decree of partition adjudicates the rights of the parties, and precludes and estops any subsequent controversy or contention about the matter. Under the decree the rights rest upon a sounder and firmer basis than if based solely upon a contract. This argument is illustrative of the idea, that although the parties may agree, and have agreed, they may also, for a better security of their rights, avail themselves of the jurisdiction of the court.

It was in the power of the court, if the land was not susceptible of division, to order its sale by a commissioner appointed for that purpose. Grassmeyer v. Beeson, 18 Texas, 766. And the court having the power to judicially ascertain and do these things, it does not seem to me that the parties beforehand agreeing that the land can not be equally and fairly divided, and agreeing upon a commissioner to sell, will have the effect to render the judgment and decree actually made void.

I think the decree and judgment rendered by the court practically fixed and settled the rights of the parties, and that it was final, and that no further decree in the nature of a confirmation was necessary. 18 Texas, 767; McFarland v. Hall, 17 Texas, 690; 1 Black on Judg., sec. 39, p. 43.

In my opinion, the motion for rehearing should be granted, and the judgment of the court below, for the reasons here stated. should be affirmed.