## SPARKMAN v. FIRST STATE BANK OF HANDLEY. (No. 8775.)

(Court of Civil Appeals of Texas. Fort Worth. Jan. 12, 1918. Rehearing Denied Feb. 16, 1918. Second Motion for Rehearing Denied Nov. 4, 1922.)

1. **Chattel mortgages** ⬅41—Verbal mortgage is good as between the parties.

A verbal mortgage on chattels is good as between the parties thereto.

2. **Exemptions** ⬅84—Statute does not apply to property covered by verbal chattel mortgage.

The exemption statute, Vernon's Sayles' Ann. Civ. St. 1914, art. 3793, does not apply to chattels upon which a mortgage has been given, though the mortgage is only verbal.

3. **Courts** ⬅170—Allegation of petition as to value controls in absence of plea of jurisdiction.

Where the petition alleged the value of the mortgage chattels to be sufficient to give the

court jurisdiction and there was no plea to the jurisdiction or plea in abatement that the allegation was made fraudulently, it must control, and it was not necessary for the judgment to recite the value of the mortgage chattels so that it was immaterial that the recital was not supported by evidence.

**4. Pleading ☞279(3)—Second petition held properly designated supplemental and not amended petition.**

Where the original petition relied on a verbal chattel mortgage, a subsequent petition, filed on the same day as the answer, which repeated certain necessary allegations as to the parties, but which stated it was a supplemental petition in aid of the original petition, and which pleaded an equitable chattel mortgage, was properly designated a supplemental petition and was not an amended petition, and therefore did not eliminate from the pleadings the allegation of the original petition as to the value of the mortgage chattel.

**5. Appeal and error ☞916(1)—Court assumes in support of judgment supplemental petition was subsequent to answer filed on same day.**

Where the supplemental petition was filed on the same day as the answer, the Court of Appeals may reasonably conclude in support of the judgment in favor of plaintiff that it was filed subsequent to defendant's answer and, in part, in answer thereto.

**6. Pleading ☞279(4)—Equitable mortgage can be alleged in supplemental proceeding where original alleged only verbal mortgage.**

Where plaintiff's original petition alleged only a verbal mortgage, plaintiff had the right to include in the supplemental petition allegations setting up an equitable mortgage.

Appeal from Tarrant County Court; George E. Hosey, Judge.

Suit by the First State Bank of Handley against C. M. Sparkman and A. D. Dickinson. Judgment for plaintiff against both defendants for foreclosure of the lien of the chattel mortgage, and in favor of the defendant Dickinson over against defendant Sparkman for such amount as defendant Dickinson should have to pay, and defendant Sparkman appeals. Affirmed, conforming to answers by the Supreme Court to certified questions (244 S. W. 127).

C. M. McFarland, of Wichita Falls, for appellant.

Bradley & Burns and A. W. Christian, all of Fort Worth, for appellee.

BUCK, J. This suit was instituted in the county court by appellee against C. M. Sparkman and A. D. Dickinson on a promissory note in the principal sum of $151. It was alleged that contemporaneously with the execution of the note defendant Sparkman gave a verbal mortgage on two mules of the alleged value of $300. By supplemental petition, it was alleged that defendant Sparkman, as an inducement to the loan of the $151,

promised to execute and deliver to plaintiff a chattel mortgage on these mules, but that he failed to do so at the time he executed the note, and that plaintiff's cashier inadvertently made the loan for which the note was given, thinking and believing that such chattel mortgage had been in fact executed. Hence plaintiff pleaded an equitable mortgage lien against the mules. From a judgment in favor of plaintiff against the defendants, jointly and severally, and with a foreclosure of the mortgage lien, and in favor of Dickinson over against Sparkman for such amount as Dickinson should have to pay, the court having found that Dickinson was surety, Sparkman has appealed.

[1, 2] That a verbal mortgage on chattels is good as between the parties we think is well established in this state. In Crews v. Harlan, 99 Tex. 93, 87 S. W. 656, 13 Ann. Cas. 863, the Supreme Court, on certified question, held that a verbal reservation or title to property at the time of sale, possession of the property having been delivered to the vendee, constituted a valid mortgage as between the parties. In Edwards v. Mayes, 136 S. W. 510, the Galveston Court of Civil Appeals held that a chattel mortgage good as between the parties may be created by parol and an equitable mortgage is created by agreement based upon a valuable consideration to give a mortgage. See 6 Cyc. 995; Richardson v. Washington et al., 88 Tex. 339, 31 S. W. 616; Jones on Chattel Mort. §§ 2 and 3. The exemption statutes do not apply to chattels upon which a mortgage has been given. Article 3793, V. S. Civ. Statutes; Rose v. Martin (Tex. Civ. App.) 33 S. W. 284, and cases there cited.

[3] It is urged that so much of the judgment as recites the value of the mules to be $300 is unsupported by the evidence. It was not necessary for the judgment to recite the value of the mules upon which a foreclosure was had, in order for said judgment to be sustained. The petition did allege the value at $300, and in the absence of a plea to the jurisdiction of the trial court, or a plea in abatement that the allegation of value was made fraudulently for the purpose of conferring jurisdiction on the county court, the allegations in the petition contained must control. Dwyer v. Bassett, 63 Tex. 274; Tidball v. Eichoff, 66 Tex. 704, 17 S. W. 263; Standefer v. Aultman et al., 34 Tex. Civ. App. 160, 78 S. W. 552; Blagge v. Moore, 6 Tex. Civ. App. 359, 23 S. W. 466, affirmed 93 Tex. 679, no opinion.

[4] We are further of the opinion that the second pleading filed by plaintiff was properly styled by the plaintiff and regarded by the court as plaintiff's "first supplemental petition," and not as an amended petition, as claimed by appellant, and that the failure to allege in the last-filed pleading the value of

the mules would not deprive plaintiff of the right to rely on nor deprive the court of the right to look to the allegation of value contained in the original petition. While the plaintiff in said supplemental petition did repeat certain necessary allegations as to parties, the subject-matter of the suit, etc., contained in his original petition, yet we think it is sufficiently shown that the pleading was intended as a supplemental petition rather than as an amended petition. It was stated therein that—

"Plaintiff herein. * * * files this its first supplemental petition in aid of the original petition hereinbefore filed."

[5, 6] In this supplemental pleading, the plaintiff presented its plea of equitable mortgage and alleged facts in support thereof. This was a ground of recovery not alleged in the original petition. There it pleaded simply a verbal mortgage. Under rule 5 for the district and county courts, (142 S. W. xvii), it is provided that a supplemental petition may contain exceptions, general denials, and the allegations of new facts not before alleged by plaintiff, in reply to those which have been alleged by the defendant. The original petition in this suit was filed December 13, 1916; defendant's original answer was filed January 12, 1917. In this answer defendant specially excepted "to plaintiff's petition," evidently meaning his original petition. The basis of his first exception to plaintiff's petition was that the alleged verbal mortgage was insufficient to establish a lien, on the stated ground that the law requires chattel mortgages to be in writing and recorded. The supplemental petition was filed on the same day as the answer, and we may reasonably conclude that support of the judgment that it was filed subsequent to defendant's answer and, in part, in answer thereto, plaintiff, if it did not desire to rely solely upon its allegations of a verbal mortgage, as contained in its original petition, and if it wished to make its stated cause of action duly sure, had the right to include in its supplemental petition the allegations setting up the equitable mortgage. Standifer v. Bond Hdw. Co. (Tex. Civ. App.) 94 S. W. 144; Cotulla v. Urbahn (Tex. Civ. App.) 126 S. W. 14; City of San Antonio v. Wildenstein, 49 Tex. Civ. App. 514, 109 S. W. 231; Clayton v. Ingram (Tex. Civ. App.) 107 S. W. 880.

All assignments are overruled, and the judgment is affirmed.

Affirmed.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.

Conclusions.

This cause was affirmed by us on January 12, 1918. Later, we granted appellant's mo-

tion to file his second motion for rehearing, and certified to the Supreme Court three questions, to wit:

"(1) Is a verbal mortgage on chattels valid as between the parties when it is not given to secure part of the purchase price of such chattel?

"(2) If the first question be answered in the affirmative, would the fact that the chattel attempted to be mortgaged by parol was exempt property affect the validity of the mortgage?

"(3) Would an equitable mortgage be established by the fact that the bank had made the loan to Sparkman relying on his promise to execute a written mortgage?"

To the first and third questions the Supreme Court answered in the affirmative; to the second question, in the negative. These answers being in accord with our former holding, the judgment of the trial court is affirmed.