## TURNER v. PARKER.  (No. 3007.)

Court of Civil Appeals of Texas. Amarillo.
March 7, 1928.

Rehearing Denied April 4, 1928.

1. Bills and notes ⬡94(2)—Note executed in settlement of amount due by reason of maker's failure to drill oil well held based on sufficient consideration (Rev. St. 1925, art. 5933, § 25).

Note executed in settlement of amount due by reason of maker's failure to drill oil well in accordance with agreement to that effect *held* based on sufficient consideration in accordance with Rev. St. 1925, art. 5933, § 25, expressly providing that antecedent of pre-existing debt constitutes value.

2. Bills and notes ⬡94(1)—Pre-existing debt is sufficient consideration for note.

A pre-existing debt is sufficient consideration for note executed in lieu of debt.

3. Bills and notes ⬡539—Finding that note was not accommodation paper constituted in effect finding that note was supported by consideration.

Finding of jury that note on which recovery was sought was not accommodation paper, *held* to constitute, in effect, a finding that note was supported by sufficient consideration.

4. Action ⬡48(3)—Joining suit on note with suit for damages on contract in alternative after defendant denied consideration for note and pleaded contract held not misjoinder.

Joinder of suit on note with suit for damages on contract by virtue of supplemental petition setting up version of contract in the alternative, after defendant had denied consideration for note and pleaded contract, *held* not to constitute misjoinder of causes of action, it appearing that note grew out of contract, and was executed in lieu of and as evidence of the amount of damages due by reason of breach.

5. Pleading ⬡20—Plaintiff may plead and pray in alternative when in doubt as to right of action first set up.

Plaintiff may, by virtue of liberal rules of pleading and practice, plead and pray in the alternative, when he is in doubt as to his right to recover on cause of action first set up, par-

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ticularly so by supplemental petition after defendant's answer raises doubt as to right of recovery on original cause of action.

**6. Appeal and error ☞1052(7)—Testimony on alternative cause of action being immaterial by reason of jury's finding, if erroneously admitted, was harmless.**

Where jury, in suit on note with alternative prayer for recovery on contract if not entitled to recover on note, found that note was not accommodation paper as claimed by defendant, plaintiff's testimony to sustain alternative plea for damages became immaterial, and, if erroneously admitted, was harmless.

Appeal from District Court, Wichita County; W. W. Cook, Judge.

Action by James E. Parker against J. H. Turner. Judgment for plaintiff, and defendant appeals. Affirmed.

J. S. Dickey and Taylor, Muse & Taylor, all of Wichita Falls, for appellant.

Bullington, Boone, Humphrey & King, of Wichita Falls, for appellee.

HALL, C. J. The appellee, Parker, sued the appellant, Turner, upon a promissory note made by the latter and delivered to the former in the sum of $4,600. The original petition prays for judgment for the amount of the principal, interest, and attorney's fees, according to the tenor of the note.

Turner answered by general demurrer, general denial, and, by way of special answer, alleged the terms of a contract made by appellant and one May with appellee, wherein, as consideration for an assignment of an oil and gas lease, the said May and appellant obligated themselves to drill a well 1,650 feet deep for the appellee at any location which he might select in Archer or Wichita county, the appellant claiming that the contract did not speak the true agreement between the parties, and for that reason, the appellant and the said May failed to drill the well under the contract. The appellant further alleged that thereafter, on the 10th of March, the appellee procured him to execute the note sued on, representing to the appellant that appellee needed money and wanted the note for the purpose of enabling him to procure a loan at the bank, expressly agreeing that the note was not to be paid by the appellant, and was not in consideration of any debt due by the appellant to appellee on the contract; that, therefore, the note was without consideration. Appellant then prayed that the note and the contract for digging the well should both be canceled, set aside, and held for naught.

In reply to the appellant's answer, the appellee, by supplemental petition, pleaded a general demurrer, a general denial, and specially alleged that he entered into the contract with appellee and May, as set forth in appellant's answer, but denied that the contract was entered into through mutual mistake, and further alleged that on the 10th day of February, 1926, the appellee notified appellant and May, giving the location where he desired the well to be drilled; that on the 10th of March, 1926, he again requested appellant to proceed with drilling the well, and that the appellant then agreed, in lieu of performance of the contract, that the costs of drilling said well to him and May would be the sum of $4,600, and executed the note sued on in satisfaction of the debt already incurred. He further specially denied that the note was not executed in good faith and for a valuable consideration, and specially denied that the note was delivered to appellee for the sole and only purpose of enabling him to borrow money, but on the contrary the note was delivered in settlement of the account due the appellee by the appellant, by virtue of the breach of the contract set forth by appellant in his answer. The appellee pleaded in the alternative that if the note was given to appellee by appellant without consideration, that under the terms of the contract, as set forth in appellant's answer, appellant was bound and obligated to drill the well for appellee; that demand for drilling the same had been made and refused by appellant, to appellee's damage in the sum of $5,000, and prayed for judgment on the note, or in the alternative for judgment in the sum of $5,000 damages for breach of the contract.

The case was submitted to a jury upon special issues; the findings being in effect as follows: That plaintiff and defendant agreed that the note sued upon by plaintiff would be in satisfaction of the contract made by May and Turner to Parker, and that Turner did not deliver the note in question to Parker as an accommodation note to be used by the latter as collateral security for a loan with the understanding that it should be thereafter returned to Turner. The jury further found that the reasonable cost of drilling the well would be $5,000.

[1] The first proposition urged is that where the evidence shows a lack of consideration for the execution of a liquidated demand, it is error for the court to render judgment for the amount of the demand. The proposition is sound as an abstract principle of law, but there is evidence showing that there was a consideration for the note. The testimony of appellee shows that the note was executed in settlement of the amount due him by reason of the failure of Turner and May to drill the well according to the contract. He is corroborated by the witness Warren, who heard the conversation between the parties which led up to the execution of the note.

[2] A pre-existing debt is sufficient consideration for the execution of a note executed in lieu of the debt. Hall v. Krauskopf

(Tex. Civ. App.) 52 S. W. 117; 8 C. J., p. 215. R. S. art. 5933, § 25, expressly provides that an antecedent of a pre-existing debt constitutes value and is termed such, whether the instrument is payable on demand or at a future time, and it is further held that taking a note under such conditions is a taking in due course of business. Adams v. Williams, 112 Tex. 469, 248 S. W. 673.

[3] The second issue submitted to the jury was so submitted at the request of appellant, and the finding thereon, that the note sued upon was not accommodation paper, is, in effect, a second finding that the note is supported by a sufficient consideration.

[4] The appellant's second contention is that there is a misjoinder of causes of action, where plaintiff brings suit on a promissory note in the same action with a suit for damages on a contract where the note was executed two years after the contract was entered into and not forming a part of the original transaction. It may be conceded that this is also a sound proposition of law in the abstract, but it does not apply to this case. The evidence shows that the note grew out of the contract and was executed in lieu of and as evidence of the amount of damages due by reason of appellant's failure to perform.

We do not assent to that part of the proposition which insists that there is a misjoinder of causes of action. Plaintiff first sued upon the note. The defendant denied that there was any consideration for the note and pleaded the contract. By a supplemental petition, plaintiff, in the alternative, set up his version of the contract, and prayed that if he was not entitled to recover upon the note then that he recover the amount of his damages, which he alleges in his alternative plea to be $5,000.

[5] Under the liberal rules of pleading and practice in Texas, it is permissible for a plaintiff to plead and pray in the alternative when he is in doubt as to his right to recover upon the cause of action first set up. This is permissible even in an original pleading, and, for a stronger reason, he may seek to recover in the alternative upon facts set up in a supplemental petition when the answer of the defendant raises a doubt as to his right to recover upon the cause of action declared upon in his original pleading. Sparkman v. First State Bank (Tex. Civ. App.) 246 S. W. 724; Id., 112 Tex. 33, 244 S. W. 127; Buckholts State Bank v. Thallman (Tex. Civ. App.) 196 S. W. 687; San Angelo Cotton Oil Co. v. Houston Cotton Oil Mill & Mfg. Co. (Tex. Civ. App.) 185 S. W. 887; Floyd v. Patterson, 72 Tex. 202, 10 S. W. 526, 13 Am. St. Rep. 787; Townes Texas Pleading (2d Ed.), 478–479.

[6] The third complaint is that the court permitted the appellee Parker to testify as to the cost of drilling an oil well. This proposition is overruled. Since Parker was seeking to recover in the alternative, it was necessary for him, to recover upon his alternative plea for damages, to prove the amount of his damages, and this testimony was presumably offered and admitted upon that branch of the case. However, since the jury found that the note was not accommodation paper, this testimony becomes immaterial, and if it is error, it is harmless.

For the reasons just stated, the court did not err in submitting the issue inquiring as to the cost of drilling the well. If the jury had found against appellee upon the first two issues, then they should have found upon the third issue. Having found for the appellee upon the note, the finding as to the cost of the well becomes an immaterial finding.

For the reasons stated, the judgment is affirmed.