TONEY v. HERMAN HALE LUMBER CO.

No. 2032.

Court of Civil Appeals of Texas. Beaumont.

Feb. 27, 1931.

Rehearing Denied March 4, 1931.

Fouts, Amerman, Patterson & Moore, of Houston, for appellant.

King, Wood & Morrow, of Houston, for appellee.

### WALKER, J.

We take the following statement of the nature and result of this suit from appellee's brief:

"This was a suit by appellant against appellee, appellant alleging among other things, that he was injured through the negligence of appellee when an automobile driven by L. M. Belser, Jr., in which appellant was riding, ran, after dark, into the rear end of a truck trailer which had been left parked on the right hand side of the road leading in a southerly direction toward Houston so as to obstruct the portion of the highway used by automobiles proceeding in the direction in which appellant was proceeding. Appellant alleged that the truck trailer was left unlighted and that its color blended with the color of the highway and 'that at the time it was dark and the automobile in which plaintiff was riding had its headlights burning, and plaintiff was meeting other automobiles with headlights burning.' Appellee answered by pleading, among other things, that appellant's injury was caused solely by the negligence of the driver of the automobile in which appellant was riding in that, among other things:

"(1) That the driver of the car in which plaintiff was riding was operating the automobile at a speed in excess of thirty-five miles per hour;

"(2) That such driver was operating said automobile at a high, excessive and unlawful rate of speed;

"(3) That said driver was passing and attempting to pass another motor vehicle then and there on the public highway at an unlawful, high, excessive and dangerous rate of speed;

"(4) '(h) That said driver, at the time and on the occasion in question, continued to drive said automobile at an excessive, fast and dangerous rate of speed while his vision of the road ahead of him was obscured and impaired by the headlights of another motor vehicle approaching the plaintiff from the opposite direction in which plaintiff's said driver was proceeding;'

"(5) '(i) That said driver, at the time and on the occasion in question drove and operated his said automobile while he was blinded and unable to see by reason of the reflection and glare of headlights from another motor vehicle approaching from the opposite direction in which he was proceeding.'

"It is also alleged that appellant and the driver of his car were on a joint enterprise, and that the foregoing specifications of the driver's negligence were imputable to appellant.

"Appellee further pleaded that appellant's injuries were proximately caused and/or contributed to by appellant's own negligence in that:

"1. '(1) That the plaintiff, at the time and on the occasion in question failed to exercise ordinary care to keep and maintain a reasonable and proper lookout for objects on the road in the course in which the automobile in which he was riding was being operated;'

"2. '(2) That the plaintiff, at the time and on the occasion in question failed to warn or direct the driver's attention to this defendant's truck and trailer in time to enable the said driver to stop the car and avoid colliding with said truck and trailer, though said plaintiff saw, or by the use of ordinary care, would have seen said truck and trailer in ample time to have caused the driver of said automobile, with proper warning, to have stopped or avoided said collision;'

"3. That appellant had been drinking, was under the influence of intoxicating liquor, and incapable of exercising ordinary care for his own safety and did not do so;

"4. That appellant was negligent in riding with Belser knowing that Belser was under

the influence of intoxicating liquor and did not have full possession of his faculties and also in that appellant failed to assume control of the automobile under the circumstances and in failing to disembark;

"5. That appellant failed to keep a reasonable and proper lookout for obstructions on or near the road in the course in which said automobile was going with a view of warning the driver of said automobile of the existence of such obstructions or otherwise extricating himself from the perils incident to a possible collision therewith; 'with full knowledge * * * said driver was blinded by the glare of headlights.'

"The case was tried before a jury and on special interrogatories the jury found that appellee was negligent in not lighting its truck and trailer, in not placing a guard at its truck and trailer, in leaving its truck and trailer in a position reasonably calculated to obstruct traffic;

"And answered that the driver of the car in which appellant was riding had his vision of the road ahead obstructed or ·impaired by lights on an approaching car at the time of and immediately preceding the collision; that certain specified acts of the driver of the car in which appellant was riding were not any of them the sole proximate cause of appellant's injuries; that the driver of the car was not negligent in certain respects.

"There were four special issues and answers thereto supporting the judgment in favor of appellee, to-wit:

## "'Special Issue No. 32

"'Did E. P. Toney, plaintiff, after it was ascertained by him that L. M. Belser, the driver of the automobile in which he was riding, was having difficulty in seeing ahead of him, and after ascertaining that Belser's vision was obscured and impaired, fail to exercise ordinary care for his own safety in reference to keeping a reasonable lookout for the existence of objects on or near the highway?

"'Answer "Yes" or "No" as you find the fact to be.'

## "'Special Issue No. 33

"'If you have answered the preceding issue that he did fail to exercise ordinary care, then answer the following special issue:

"'Was such failure on his part a proximate cause of his injuries?

"'Answer "Yes" or "No" as you find the fact to be.'

"The jury answered both the foregoing issues 'Yes.'

## "'Special Issue No. 39

"'Did the plaintiff, E. P. Toney, at the time and on the occasion in question and under all the circumstances fail to exercise ordinary care for his own safety with reference to keeping a reasonable lookout for the existence of objects on or near the highway?

"'Answer "Yes" or "No" as you may find the fact to be.'

"'If you have answered the preceding issue in the affirmative, then answer

## "'Special Issue No. 40

"'Was such failure to so keep a reasonable lookout for his own safety a proximate cause of plaintiff's injuries, if any?

"'Answer "Yes" or "No" as you may find the fact to be.'

"The jury answered both the foregoing issues 'Yes.'

"On the verdict the court rendered judgment in favor of defendant (appellee)."

Appellant presents the following propositions of error:

■ First. Appellant ·complains of the testimony offered by appellee detailing the speed at which appellant and his companion were driving their car at a place twenty-five miles distant from the place of accident. This testimony was objected to upon the ground that it was remote, irrelevant, immaterial, and highly prejudicial. No reversible error was committed in receiving this testimony. It had no probative force and could not have been considered by the jury in their answers to the issues of contributory negligence found against appellant. Other questions on this issue were submitted to the jury, such as those asking whether or not appellant's driver was intoxicated and whether or not their car was being driven at the time of the accident at a rate of speed in excess of thirty-five miles per hour. The testimony complained of might have been considered by the jury in answering these issues, but these issues were answered in appellant's favor. In fact, all questions on the issue of contributory negligence submitted to the jury were found in appellant's favor, except the four questions given above in the statement of the case. St. Louis, B. & M. Railway Co. v. Cole (Tex. Civ. App.) 4 S.W.(2d) 1019, 1022, directly supports our conclusion that the introduction of this testimony was not reversible error. In that case the court said: "It is a sound proposition of law that where there are several grounds of negligence found by a jury, any one of which would entitle the plaintiff to a judgment, the verdict should be sustained, notwithstanding there may have been committed errors with reference to other grounds of negligence proven. The jury found that there was no flagman stationed at the crossing with reference to trains approaching from the south side, which was a dangerous crossing, which failure under the circumstances constituted negligence."

■ Second. Appellant's second proposition is as follows: "It is error for a court to submit circumstances to the jury, only ultimate

issues of fact being properly submitted, and in asking Special Issue No. 8, if the driver's vision was obscured at the time of the accident, was a mere circumstance and its submission as an issue over the objection of the defendant gave it undue weight, and as it was used in subsequent issues answered adversely to the plaintiff, the error was prejudicial."

Issue No. 8 was as follows:

#### "Special Issue No. 8

"Was L. M. Belser's vision of the road ahead of him at the time of and immediately preceding the collision, obscured or impaired by lights from an approaching car?

"Answer 'Yes' or 'No' as you find the fact to be."

This proposition is without merit. One theory of contributory negligence was that L. M. Belser was appellant's only companion in the car at the time of the accident and was the driver of the car; that Belser's vision of the road, immediately preceding the collision, was impaired by the lights of an approaching automobile; that Belser advised appellant of the trouble the lights of the approaching car were causing him, and asked appellant to help him keep a lookout and that, being advised of these facts, appellant failed to exercise ordinary care for his own safety, which constituted negligence and was a proximate cause of the accident. On this theory question No. 8 did not submit "a mere circumstance" or evidentiary matter, but one of the determinative issues of the case.

■ Third. In full submission of the theory of "contributory negligence" alluded to under the discussion of the foregoing proposition, the court submitted issues 32 and 33, as set out above in the statement of the case, which were answered against appellant. Appellant complains of these issues on the following grounds: (a) They were on the weight of the evidence; (b) they submitted immaterial issues, as appellant was merely the guest of Belser, the driver of the car, and had no control over the car. Though it be conceded that appellant was the mere guest of Belser, yet he was "under the duty of exercising such care to avoid injury as would have been used under the attendant circumstances by an ordinarily prudent person." Texas Mexican Railway Co. v. Hoy (Tex. Com. App.) 24 S.W.(2d) 18, 20. The failure to use such care would convict him of contributory negligence. That was the issue submitted by the question complained of by these propositions. While the issue was in the case, and appellee was entitled to its submission, appellant correctly asserts that question No. 32, as submitted, was on the weight of the testimony. If the judgment in appellee's favor rested alone on the answer to these questions, this proposition would con-

stitute a serious challenge to the judgment. But appellee's judgment also has support in the answers to questions Nos. 39 and 40. As we understand the record, these questions are before us without objection. They affirmatively submitted the issue of contributory negligence, and, therefore, support the judgment. Though without an exception raising the point, or a proposition supporting it, appellant argues that the error in submitting questions Nos. 32 and 33 must be read into these questions. He is wrong in that contention. As that point was not called to the trial court's attention, or even presented here by proposition, if there was error in the case in this respect it was waived.

■ Fourth. Question No. 45 was as follows, answered as indicated:

#### "Special Issue No. 45

"Did L. M. Belser, the driver of the car in which plaintiff was riding, fail to exercise ordinary care at the time and on the occasion in question to discover the automobile truck and trailer in time to have avoided colliding therewith?

"Answer 'Yes' or 'No' as you find the fact to be."

Answer: "No."

By the fourth proposition the contention is made that a conflict exists between the answer to this question acquitting Belser of negligence, and the answers to questions Nos. 39 and 40, convicting appellee of negligence. Appellant supports this proposition with the following argument: "There was nothing whatever in the roof to evidence that both E. P. Toney and L. M. Belser were not men of normal vision, and, therefore, both must be assumed to be of normal vision. There is no reason presented, nor can it be argued, indicating that one could not see as well as the other. Belser was the driver of the car, and Toney was a mere passenger. Therefore, if there should be any difference in their status, it goes to show that Belser should have kept a better lookout and exercised more care to keep a lookout than Toney."

The following summary of the testimony on this issue, taken from appellee's brief, completely answers this proposition: "Under Belser's testimony, not in any manner discredited or contradicted by Toney, Belser told Toney that he, sitting on the left-hand side of the car was being blinded by cars coming from the opposite direction, wherefore he asked appellant Toney to help him watch the road in front. Toney admitted he wasn't watching when the accident occurred. Belser made no such admission. The jury, believing everything Belser and Toney testified to on these and all other issues in this case, found that Belser was looking as best he could and that

238

Toney was negligent in failing to look. Taking the testimony of these two gentlemen at its face value, appellant's fourth proposition is wrong."

■■ Fifth. The fifth proposition is as follows: "It is error for a court in connection with the submission upon special issues to give a general charge."

Under the rule reannounced by this court in Clevenger v. Burgess, 31 S.W.(2d) 675, this proposition is too general to invoke the jurisdiction of the court. But apart from that point, there is no merit in the proposition. Appellant would support this proposition with the following statement:

"Special Issue No. 25 given by the court reads as follows:

"'Special Issue No. 25. Did L. M. Belser at the time and on the occasion in question and under all the facts and circumstances then existing fail to have his automobile under reasonable control?

"'Answer "Yes" or "No," as you may find the fact to be.'

"The plaintiff objected to the giving of this issue as a general charge. See page 43 of the transcript, where the plaintiff objected as follows:

"'Plaintiff objects to Special Issues Nos. 25, 26 and 27, which inquire if L. M. Belser had the car under reasonable control, for the reason that this issue is covered by other special issues, which inquire of the various things that Belser did, or failed to do, and is a general issue, involving several distinct questions of fact.'"

It appears from this statement that appellant reserved no exception to question No. 25 that it constituted a "general charge," but only that it was multifarious. However, this question was in no sense a general charge.

■ Appellant's sixth and seventh propositions are as follows:

"In this case the defendant had plead and attempted to prove that the plaintiff and the driver of the car were intoxicated and had been drinking, and had indicated to the jury that whiskey figured in the case, and it was error to refuse to permit plaintiff to prove where whiskey was found on the scene of the accident, and the amount ·thereof, and that it was in defendant's possession and not in plaintiff's, it being a material inquiry in the case."

"It was error for the court to refuse to permit Mrs. Epley and Mrs. Clark to testify as to the true facts with reference to the whiskey upon the scene of the accident and the amount thereof, and to permit plaintiff to show, first, that there was not enough whiskey to make a man·drunk, and, second,

that the whiskey there was in the possession and control of the defendant and was responsible for its negligence in the manner it left its truck, and refute the accusation of the defendant that plaintiff had been drinking or had whiskey."

We quote as follows from appellee's brief in answer to this proposition: "The sixth and seventh propositions complain that appellant was not permitted to prove something about some whiskey in the truck of appellee left on the side of the road. Since the jury found appellee guilty of primary negligence in every particular submitted, particularly since appellant did not plead, and the court did not submit whether or not whiskey had anything to do with appellee's primary negligence; and since no effort was made by appellee to connect appellant or his automobile driver with whiskey by any evidence, the evidence offered by appellant and excluded by the court, was totally immaterial. If whiskey was in appellee's truck, it had not the slightest bearing on whether or not appellant was keeping a proper lookout."

No error having been committed in the trial of this case, it is ordered that the judgment of the lower court be, and the same is, hereby in all things affirmed.

Affirmed.