### GREEN v. SOUTH TEXAS COACHES, Inc.

### No. 12326.

Court of Civil Appeals of Texas. Dallas.

April 30, 1938.

Randall & Gray and Sam W. French, all of Dallas, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellee.

LOONEY, Justice.

On May 14, 1934, a bus owned and operated by South Texas Coaches, Inc., in which Mrs. Madeline Green was a passenger, became involved in an accident in the city of Fort Worth; Mrs. Green was injured and taken to a hospital for treatment. On May 17, 1934, C. F. Luckey, representative of appellee, consummated a settlement with appellant, paying her $250, in consideration of which she executed a written release. Some time later, appellant instituted this suit to set aside the settlement, alleging fraud in its procurement, and sought recovery of damages for the alleged injuries, specifying several grounds of negligence as basis for recovery. On June 3, 1935, the parties agreed upon a settlement of all matters in-

volved in the suit; appellee paying appellant $150 and all costs. This agreement was reduced to writing, filed among the papers of the cause, and judgment based thereon was accordingly entered. On July 1st, about ten days after the entry of judgment, Murle M. Green, son of appellant, as next friend, moved for a new trial, alleging that, at the time of the settlement (June 3d) appellant had become and was insane, as the result of the injuries received by her in the accident. The motion for a new trial was granted; the cause being reinstated upon the docket, and, on December 16, 1935, was tried to a jury on the issues framed by the pleadings, resulting in a sweeping verdict in favor of appellee, acquitting it of actionable negligence in the several respects alleged; made evidentiary findings negativing the allegation of fraud in procuring the original settlement of May 17, 1934; also found that, on May 17, 1934, and on June 3, 1935, respectively, appellant had sufficient mental capacity to make the settlements and execute the releases. On these findings, the court rendered judgment for appellee, from which this appeal was taken.

Appellant neither objected to the charge nor to the findings of the jury; the only errors assigned and propositions urged relate to the action of the court in admitting, over objections, the testimony of Mr. Gardere, of counsel for appellee, to the effect that, while negotiations for the settlement consummated June 3, 1935, were in progress, witness stated to appellee's attorney that, in the opinion of witness, the file in his possession, regarding the case, showed that the settlement of May 17, 1934 (first) was valid, and that no fraud was practiced on Mrs. Green, but that witness had not heard her story; that later, after Mrs. Green's deposition was taken, witness stated to her attorney, in her presence, that her testimony had not changed the opinion of witness, as he thought it clearly negatived fraud on the part of Mr. Luckey, appellee's representative, in making the settlement of May 17th. The objections urged to the testimony were that it was but the statement of the conclusions and opinions of the witness, and in part was based upon hearsay.

It will be observed that the testimony objected to related exclusively to the validity of the settlement of May 17th, attacked for fraud, and had no bearing upon any other issue; hence, if error was committed in its admission (a question we do not decide), the finding of the jury, sustaining the validity of the settlement of June 3, 1935, attacked for the want of mental capacity, could not have been influenced one way or another. However, as all issues of negligence were found in favor of appellee, its liability to respond in damages in any amount was not established; therefore error, whether or not, in admitting evidence on any other issue was immaterial and harmless.

The doctrine is well settled in this state that, where a judgment is correctly based upon one of several issues involved, the improper admission of evidence on any other issue is harmless. Taylor v. Davis, Tex.Civ.App., 234 S.W. 104; Turner v. Parker, Tex.Civ.App., 4 S.W.2d 639; Toney v. Herman, etc., Co., Tex.Civ.App., 36 S.W.2d 234. Other cases could be cited to the same effect.

Therefore, being of opinion that appellant's assignments and propositions are without merit, the judgment of the trial court is affirmed.

Affirmed.