CHICAGO CRAYON COMPANY, Appellant, v. J. J. McNAMARA et al., Respondents.

Kansas City Court of Appeals, March 29, 1909.

1. **PRINCIPAL AND SURETY: Contract: Instructions: Advancements.** Under a contract between a principal and agent the latter was to assume all responsibility for money advanced to him and collected by his crew and was not allowed to appropriate any money collected for goods. If the funds were inadequate to carry on the business the first party was to furnish the same in such sums as it deemed advisable. Either party could terminate the contract on notice. Before the termination of the business the first party had advanced money and the contract upon termination required the second party to turn over the business and permit the first party to conduct the same and close it up. The second party refused to return the money advanced for conducting the business. *Held*, the contract required him so to do and he and his bondsmen were liable for the default.

2. ———: ———: ———. While the surety's contract must be strictly construed and construction cannot increase his risk, yet his undertaking must be construed like any other contract according to the intention of the parties, and if susceptible of two constructions, the one most favorable to the secured party should be adopted.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

REVERSED AND REMANDED (*with directions*).

*Spencer & Landis* for appellant.

(1)   A suit may be maintained on a note or bond against the sureties alone without joining the principal. Manny v. Surety Co., 103 Mo. App. 716.   (2)   A sureties' undertaking must be construed like any other contract, according to the intention of the parties. Lighting Co. v. Hobart, 98 Mo. App. 227; Fairbanks Co. v. Bonding & Trust Co., 97 Mo. App. 205; North St. Louis, etc., v. Obert, 169 Mo. 507.

*Mytton & Parkinson* for respondents.

BROADDUS, P. J.—This is a suit by plaintiff against J. W. Chapman as principal and defendants, J. J. M'Namara, A. J. Gordon and D. C. Sampson, as his sureties on his own bond, to recover the sum of $461.84 alleged to be due plaintiff under the terms of the bond and the contract thereto attached, for money furnished Chapman while he was acting as plaintiff's agent under said contract, and for materials in his hands furnished him thereunder for which he failed to account to the plaintiff.   Chapman not being a resident of the State and not being served with notice of the suit, the cause was tried against the sureties alone.

Under the contract mentioned, Chapman was to act as district manager for plaintiff in solicting orders for frames and enlargement of portraits on his own account and through subagents.   He was to receive as commission $.98 per point, a point being $1.98, out of which he was to pay his subagents $.50 per point and was to defray the expenses of himself and subagents.

This controversy arises over a proper construction of the following clauses of the contract, viz.: "Second party (Chapman) shall assume all responsibility for all money advanced to or collected by crew managers, solicitors and deliverymen under his management. Second party shall not be allowed to hold or appropriate any money collected for goods by himself or delivery-

men. When funds are inadequate to carry on the business, first party is expected to furnish the same from Chicago in such sums as first party deems advisable.

"Either party may, at any time they deem the business unsafe, or unprofitable, terminate this contract by giving notice to that effect, and second party agrees in the event of such termination, to turn over to first party the entire business and management of the same, including all subagents, orders, samples, printed matter, and everything pertaining to the business, and further agrees to permit first party to conduct and close such business and make final settlement to the best of its ability."

The conditions of the bond of the defendant sureties are as follows: "The conditions of this obligation are such, that whereas John Ward Chapman (principal) has been appointed and has agreed to act as district manager for said Chicago Crayon Company, in the State of Illinois, or such territory as may be mutually agreed upon, and is to conduct the business for and on behalf of said Chicago Crayon Company, in accordance with the terms and provisions of the above contract between the said principal and said Chicago Crayon Company.

"Now, therefore, if the said John Ward Chapman (principal) shall faithfully perform the conditions imposed upon him by the above contract, then this obligation shall be void; otherwise, to remain in full force and effect."

The business not having proved satisfactory, it was terminated by the parties. During the course of Chapman's employment, his funds not being adequate for the purpose of carrying on the business, plaintiff made him advancements for that purpose as provided by the contract. Chapman on the termination of his agency turned back to plaintiff all the material, orders, etc., in his possession, but it was found that he had failed to pay back to plaintiff $461.84, money advanced to him.

The court sitting as a jury found and rendered judgment for defendant upon the theory that Chapman was not bound under his contract to repay said advancements; therefore, there was no breach of his contract and no liability incurred by the defendant sureties. The plaintiff appealed.

By the terms of the contract, Chapman was to pay his own expenses and that of his agents in the business. No such obligation rested upon the plaintiff. And the provision that plaintiff might make advancements when he had not sufficient funds of his own to carry on the business of his agency is to be interpreted merely as that plaintiff might make a loan for that purpose, which by every rule of reasonable construction he was to pay back. Although the contract does not specifically provide that he was to return to plaintiff these advancements, it is clearly implied that he was to do so, and such was evidently the intention of the parties.

If Chapman, the principal, was bound to return these advancements under his contract, defendants as sureties bound themselves to plaintiff that the contract in that respect should be performed.

Notwithstanding the contract of a surety must be strictly construed and that he is only bound to the extent that he has agreed to be bound, yet his contract must be construed like any other contract, according to the intention of the parties. It is said that, "A surety has the right to stand upon strict terms of his obligation, and is not liable unless the words make him so; but beyond this his undertaking must be construed, like any other contract, according to the intention of the parties." [Springfield Lighting Co. v. Hobart, 98 Mo. App. 227; Fairbanks Co. v. Bond & Trust Co., 97 Mo. App. 205; North St. Louis B. & L. Ass'n. v. Obert, 169 Mo. 507.]

It is held that, if the contract is susceptible of two constructions, the one most favorable to the secured party should be adopted, if consistent with the object

for which the bond is given. [Hurley v. Fidelity & Dep. Co., 95 Mo. App. 88.] We believe the construction we have given the contract is fairly consistent with the object for which the bond was given.

As there is no dispute as to the evidence, the cause is reversed and remanded, with directions to the trial court to enter up judgment for plaintiff for the amount of its demand with interest. All concur.

ON MOTION FOR REHEARING AND TO MODIFY THE OPINION

BROADDUS, P. J.—The opinion is modified by striking out the last clause of the opinion and inserting the following words, "Cause reversed and remanded." All concur.