## EDWARDS v. MAYES.

(Court of Civil Appeals of Texas. March 7, 1911. Rehearing Denied March 30, 1911.)

1. APPEAL AND ERROR (§ 728*)—ASSIGNMENTS OF ERROR—RULINGS ON EVIDENCE.

An assignment that the court, in an action for the price of a secondhand, well-drilling outfit, erred in the rejection and admission of evidence set out in the bill of exceptions made a part thereof, disclosing the exclusion of evidence of statements of the seller after the sale as to the size of one of the pumps of the outfit and of the amount he paid for the outfit at a sheriff's sale, is too general to require review on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3010–3012; Dec. Dig. § 728.*]

2. SALES (§ 440*)—ACTION FOR PRICE—BREACH OF WARRANTY—EVIDENCE—ADMISSIBILITY.

Where, in an action for the price of a drilling outfit, the buyer relied on breach of warranty, a statement by the seller as to the size of one of the pumps of the outfit made after the sale was inadmissible to prove a warranty of the size of the pump.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 440.*]

3. EVIDENCE (§ 113*)—VALUE—PRICE AT SHERIFF'S SALE.

In an action for the price of a secondhand, well-drilling outfit, the value thereof may not be shown by proof of the price at which the seller obtained the outfit at a sheriff's sale.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 280; Dec. Dig. § 113.*]

4. SALES (§ 348*)—ACTION FOR PRICE—DEFENSES.

Where some of the articles contracted to be sold, and for the value of which the buyer was sought to be held liable, were not delivered, the buyer when sued for the price could offset the proportional value of the articles against the price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 977; Dec. Dig. § 348.*]

5. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL TO GIVE INSTRUCTIONS COVERED BY CHARGE. GIVEN.

It is not error to refuse a requested charge sufficiently covered by the court's general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

6. TRIAL (§ 261*)—INSTRUCTIONS—REFUSAL OF REQUESTED INSTRUCTIONS.

It is not error to refuse a requested charge, forming a part of a series of special charges covering every phase of the party's action as made by his pleadings, and so written that one could not be given without giving all; no com-

plaint being made of the refusal to give the others.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 660, 671, 675; Dec. Dig. § 261.*]

7. CHATTEL MORTGAGES (§ 41*)—NECESSITY OF WRITING.

A chattel mortgage good as between the parties may be created by parol.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 84; Dec. Dig. § 41.*]

8. CHATTEL MORTGAGES (§ 33*)—EQUITABLE MORTGAGE.

An equitable chattel mortgage is created by an agreement founded on a valuable consideration to give a mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 17; Dec. Dig. § 33.*]

9. COURTS (§ 121*) — COUNTY COURT—JURISDICTION.

The county court has jurisdiction of an action for $500 alleged to be due for goods sold, and it may receive a verdict and render judgment thereon, though it may not grant a judgment of foreclosure, because the value of the property exceeds the jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 121.*]

10. COURTS (§ 122*)—COUNTY COURT—JURISDICTION.

Where the petition, in an action in the county court to foreclose a purchase-money chattel mortgage, alleged a debt and a price within the court's jurisdiction, and the evidence received without objection fixed the value of the chattels at an amount within the court's jurisdiction, the court had jurisdiction to render judgment for the debt and foreclosure of the mortgage, though the petition failed to allege the value of the property.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 122.*]

Appeal from Harris County Court; A. R. Hamblen, Special Judge.

Action by V. C. Mayes against Thomas C. Edwards. From a judgment for plaintiff, defendant appeals. Affirmed.

S. H. Brashear, for appellant. Edward H. Bailey and S. E. Boggess, for appellee.

McMEANS, J. V. C. Mayes, plaintiff in the court below, brought this suit against Thomas C. Edwards, defendant, to recover upon a debt for $500 and to foreclose a mortgage lien upon certain personal property. Plaintiff alleged that, upon September 7, 1908, he sold and delivered to defendant a certain secondhand, well-boring outfit for the price of $850, of which $350 was paid in cash and the balance, $500, to be paid on the 7th day of November, 1908, for which the defendant agreed to execute and deliver to him his promissory note for said sum, due and payable on said date; and further agreed that plaintiff should retain a lien on said property as security for said balance, and to execute to plaintiff a chattel mortgage upon said property as such security. He further alleged that defendant, after taking possession of said property, had failed and refused to execute the note and mortgage. He prayed for judgment for his debt and for foreclosure of the mortgage lien.

Defendant answered by general denial, and specially pleaded that plaintiff, before the sale, represented to defendant that one of the pumps included in the sale was 8x5x10 inches in size and the other 10x6x12 inches in size, and both in first-class condition, and that the boiler, also included in the trade, was a first-class, A No. 1, 35 horse power boiler, and pleaded a breach of warranty as to the size of the pumps and the condition of the pumps and boiler; that the smaller pump was so badly worn out it could not be safely used, and that in order to put the other in such condition that it could be used he was compelled to and did expend $85 for its repair, after which the pump could be used, but with the result that it took one-third more time to drill the well than it would have taken if the pump had been in good condition as warranted, and at a consequent expense to defendant of $400 more than he would have had if the same had been in the condition as warranted. He further pleaded that the property at the time he received it was worth $500 less than its value would have been, had it been in the condition, and the pump the size, represented; and, further, that he had expended $110 for necessary repairs on the boiler to put it in the condition as represented by plaintiff. He further alleged that certain articles included in the sale were never delivered to him, and that the value of the same was $100. He prayed for judgment over against plaintiff for the aggregate of said amounts.

The case was tried before a jury, and resulted in a verdict and judgment for plaintiff for the amount of his alleged debt and foreclosure of the mortgage lien, and from this judgment the defendant has appealed.

[1] Appellant's third assignment of error is as follows: "The court erred in the admission and rejection of testimony set out in the defendant's bills of exception, which are hereby referred to as a part hereof."

An inspection of the three bills of exception, to which reference is made in the statement following this assignment, discloses that the court sustained plaintiff's objection to the testimony of two witnesses offered by defendant to prove that after the sale had been made the plaintiff made certain statements concerning the size of one of the pumps, and also refused to permit defendant to prove, on cross-examination of plaintiff, the amount plaintiff had paid for the property in question at sheriff's sale. We think this assignment is too general.

[2] Waiving the objection, however, we do not agree with defendant that a statement as to the size of one of the pumps made by plaintiff, after the trade between himself and defendant had been concluded, tended to prove that plaintiff had warranted the size of the pump before the trade was made.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

[3] Nor do we think that the value of the property could be shown by proving the price for which it had theretofore been sold at sheriff's sale. The assignment is overruled.

Defendant requested the court to charge the jury as follows: "You are instructed that if you believe from the evidence that some of the articles which were contracted to be delivered were not at the place where they were said to be, then, inasmuch as it is not shown what the value of the remainder is, you are instructed to find a verdict for defendant."

[4] The refusal to give this charge is made the basis of appellant's fourth assignment of error. We think there was no error in refusing to give this charge. If certain articles contracted to be sold, and for the value of which defendant was sought to be held liable, were never in fact delivered, he was entitled to offset its proportional value against the purchase price of the entire outfit. The court's general charge sufficiently submitted this measure of recovery to the jury.

[5] The refusal of the court to give the fourth special charge, which is made the basis of appellant's sixth assignment, was not erroneous, for the reason that the matter embraced in it was sufficiently covered by the court's general charge.

[6] The refusal to give the special charge was not error for another reason. The charge in question was a part of what appears to be a series of special charges presented by defendant, covering every phase of his cross-action as made by his pleadings, and so written that one could not be given without giving all. The charge refused, as here complained of, constituted only one paragraph of the charge requested. No complaint is made of the refusal to give the other paragraphs of the charge. It has been held that it is not error to refuse a requested charge which has been prepared in this manner. Railway v. Neff, 26 S. W. 786.

The court charged the jury in effect that, if they found for plaintiff in any amount, and if they believed from the evidence that defendant agreed to execute a chattel mortgage to secure the purchase price of the machinery, they should foreclose such mortgage. This charge is assailed by appellant's thirteenth assignment upon the ground that, as no chattel mortgage was in fact given, it could not be foreclosed, and that plaintiff's only remedy was an action of debt, and possibly for damages for failure to execute the mortgage, which damages are not claimed in this suit.

Plaintiff testified that a part of the terms of sale was that defendant should execute and deliver to him a mortgage on the property as security for the balance of the purchase price, but that defendant thereafter failed and refused to execute and deliver such mortgage.

[7] While there has never been any direct ruling by the Supreme Court of this state on this question, we think the weight of authority justifies us in holding that a chattel mortgage, good as between the parties, may be created by parol. See authorities cited in Crews v. Harlan, 99 Tex. 93, 87 S. W. 656.

[8] It also seems to be well settled that an equitable mortgage is created by an agreement founded on a valuable consideration to give a mortgage. 6 Cyc. 995; Richardson v. Washington, 88 Tex. 339, 31 S. W. 616. The assignment is overruled.

The sixteenth assignment is as follows: "The court erred in submitting this case at all to the jury, and in receiving any verdict from the jury, and in rendering any judgment at all in this cause, for that it appears upon the face of the plaintiff's original petition herein filed, which is the plaintiff's pleadings upon which the cause was tried, that the matter in controversy is the alleged amount owing the plaintiff upon the alleged contract between him and defendant, and the foreclosure of an alleged lien upon certain personal property therein set out, and no value of said personal property is anywhere alleged or set out by plaintiff. And it does not appear that said personal property exceeds in value $200, and it does not appear that it does not exceed in value $1,000, which failure to allege facts to confer jurisdiction upon the county court was called to the attention of said court by motion for new trial, and said motion was overruled."

While the debt sued for was within the jurisdiction of the county court, the value of the property upon which the lien was foreclosed was not alleged, unless the allegation of the price for which it was sold was tantamount to an allegation of its value. Hargrave v. Simpson, 25 Tex. 396. But should the court, because of the failure to allege the value of the property, have refused to render any judgment at all, or have refused to receive the verdict, as complained in the assignment?

[9] Undeniably the court had jurisdiction of the suit for the debt, and was authorized to receive a verdict and render judgment thereon, even though, because the value of the property might be beyond the jurisdiction of the county court, it would be proper to deny a foreclosure.

[10] But, treating the assignment as questioning the power of the court to foreclose the lien, in the absence of any allegation in the petition of the value of the property, we still think that under the facts of this case it was not error to foreclose. The insufficiency of the allegation of value was not called to the attention of the court by special exception, plea in abatement, or otherwise. The only allegations going to show jurisdiction were as to the amount of the debt, and of the alleged price at which the property was sold. Of the debt alleged the court clearly had jurisdiction. The price

agreed upon by the parties for the property, if treated as the value, was an amount within the jurisdiction, and this price was alleged. Without objection from defendant, the value of the property was proved on the trial, and every witness testifying thereto fixed the value at an amount within the jurisdiction of the court. We think therefore that upon the allegations of the petition and the proof of value it was clearly shown that the court had jurisdiction to render judgment for the debt and foreclosure of the mortgage, and the assignment must be overruled.

We have examined the other assignments presented by appellant in his brief and find no reversible error in any of them. The judgment of the court below is affirmed.

Affirmed.