## C. M. SPARKMAN v. FIRST STATE BANK OF HANDLEY.

No. 3105. Decided October 4, 1922.

(244 S. W., 127.)

**1.—Chattel Mortgage—Oral Contract.**

At Common Law a valid mortgage of personalty could be made without writing; and this continues to be the rule in Texas, as between the contracting parties, the statutes of the State, here examined, having affected it only as concerns the rights of third parties (Rev. Stats., art. 3969, Pasch. Dig., art. 3876; Rev. Stats., arts. 5654, 5655, 7170-7172). (pp. 37, 38).

**2.—Same—Cases Discussed.**

San Antonio Brewing Assn. v. Arctic Ice Machine Mfg. Co., 81 Texas, 99; Wells v. Littlefield, 59 Texas, 556; Brown v. Vaughan, 70 Texas, 47; Prude v. Campbell, 85 Texas, 5; Crews v. Harlan, 99 Texas, 95; Edwards v. Mayes, 136 S. W., 510; Clark v. Bank, 200 S. W., 97; Gardner v. Bank, 118 S. W., 118; approved and followed. Gay v. Hardeman, 31 Texas, 245; Lazarus v. Bank, 72 Texas, 356; Harrold v. Barwise, 30 S. W., 498, disapproved. (pp. 38, 39).

**3.—Chattel Mortgage—Exempt Property.**

The validity of a chattel mortgage not in writing was not affected by the fact that it was given upon personal property of the mortgagor which was exempt from execution. (p. 39).

**4.—Chattel Mortgage—Agreement to Execute—Equitable Lien.**

An oral agreement to give a chattel mortgage on property, supported by a valuable consideration, creates an equitable lien thereon. Edwards v. Mayes, 136 S. W., 510, followed. (pp. 39, 40).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

The certified questions being referred for an opinion to the Commission of Appeals, Section B, and by them answered; the opinion of the Commission is here adopted as that of the Supreme Court.

*C. M. McFarland,* for appellant.

At law, a mortgage in order to be valid must be in writing duly signed by the mortgagor and delivered to the mortgagee. Revised Civil Statutes, Arts., 7170, 5654, 5655; Wallis v. Taylor, 67 Texas,

431; Gay v. Hardeman, 31 Texas, 245; Lazarus v. Henrietta Nat. Bank, 72 Texas, 354; Harrold v. Barwise, 10 Texas Civ., App., 138, 30 S. W., 498; Slagle v. Bank, 189 S. W., 347.

An equitable parol mortgage cannot be created unless it is shown that the alleged mortgage is for the purchase price of the specific property on which the mortgage is claimed. Perkins v. Frank, 64 S. W., 236; Crews v. Harlan, 99 Texas, 93; Speer v. Allen, 135 S. W., 231; Edwards v. Mayes, 136 S. W., 510.

The undisputed evidence shows that the said mules on which the foreclosure is decreed, are exempt property of the defendant, and therefore the judgment rendered herein contravenes the exemption statutes of the State of Texas, and for this reason should be set aside. Art. 16, Sec. 49, Constitution of the State of Texas. Arts. 3785, 3793, Revised Civil Statutes.

*Bradley, Burns & Hiner* and *A. W. Christian* (*Burns, Christian, Gumm & Gordon* in Supreme Court) for appellee.

A verbal mortgage is valid as between the parties thereto, and, as appellant and appellee were the parties to the mortgage in question, the said mortgage was valid as between them. Crews v. Harlan, 99 Texas, 93; Edwards v. Mayes, 136 S. W., 510; Prendergast v. Williamson, 6 Texas Civ. App., 725, 26 S. W., 421, 422; Bates v. Wiggin, 37 Kan., 44, 14 Pac., 442, 1 Am. St. Rep. 234; Weil v. Ryus, 39 Kan., 564, 18 Pac., 524; Bank of Rochester v. Jones, 4 N. Y. (4 Comst.) 497, 55 Am. Dec., 290; McCoy v. Lassiter, 95 N. C., 88; First National Bank v. Taylor, 69 Kan., 28, 76 Pac., 425; Reynolds v. Fitzpatrick, 23 Mont., 52, 57 Pac., 452; Reiss v. Argubright, 3 Neb., 756, 92 N. W., 988; Conchman v. Wright, 8 Neb. 1; Sparks v. Wilson, 22 Neb., 112, 34 N. W., 111; Bank of Hinton v. Swan, 137 N. W., 1032 (Iowa); Sheldon v. McFee, 216 N. Y. 618, 111 N. E. 220; Morrow v. Turney, 35 Ala., 131; Brooks v. Ruff, 37 Ala., 371; 5 Am. & Eng. Ency. Law (2d Ed.) 954.

The Statutes of this State requiring chattel mortgages to be recorded declare them to be void only as to creditors and subsequent purchasers and mortgagees in good faith if not recorded, and there is no statute in this State requiring chattel mortgages, in order to be valid as between the parties thereto, to be in writing or recorded. Keller v. Smalley, 63 Texas, 519; Tips v. Gay, 146 S. W., 306; Bank of Rochester v. Jones, 4 N. Y., (4 Comst.) 497, 55 Am. Dec., 290; Sheldon v. McFee, 216 N. Y., 618, 111 N. E., 220; Conchman v. Wright, 8 Neb., 1.

As appellant promised appellee for a valuable consideration, to-wit: the money borrowed by appellant from appellee, to give to appellee a chattel mortgage on his two mules, an equitable mortgage was thereby created. Edwards v. Mayes, 136 S. W., 510; Speer v. Allen, 135 S. W., 231; Perkins v. Frank, 64 S. W., 236; Richardson v. Washington, 88 Texas, 339, 31 S. W., 616; U. S. F. & G. Co. v.

Fidelity Trust Co., 153 Pac., 195 (Okla.); Ketchum v. City of St. Louis, 101 U. S., 316, 25 L. Ed. 999; Foster Lumber Co. v. Harlan County Bank, 71 Kan., 158, 80 Pac., 49, 114 Am. St. Rep., 470, 6 Ann. Cas., 44; Coster's Exrs. v. Bank of Ga., 24 Ala., 37; Sprague v. Cochran, 144 N. Y. 104, 38 N. E., 1000; Morrow v. Turney, 35 Ala., 131, 137; 3 Pomeroy's Eq. Juris (3 Ed.) sec. 1235; 1 Jones on Mortgages, secs. 163, 164; 6 Cyc., 995; 11 Am. & Eng. Ency. Law, 125.

The evidence introduced by appellee was sufficient to sustain the theory that appellant had promised appellee, for a valuable consideration, to give a chattel mortgage on his two mules and that said promise was not complied with after receiving the consideration on the faith of it, and thereby an equitable mortgage on said mules was created. O'Fiel v. King, 23 S. W., 696; Prideaux v. Glasgow, 2 Texas Civ. App., 182, 21 S. W., 276; May v. Chicago Crayon Co., 147 S. W., 733; League v. Rice Institute, 152 S. W. 1182; Walker v. Cole, 27 S. W., 882, affirmed, 89 Texas, 383; Gardner v. Planters' Nat'l Bank, 118 S. W., 1146, Writ of error denied; Galbraith v. First State Bank & Trust Co., 133 S. W., 300; Davis v. Childers, 45 S. C. 133, 22 S. E. 784, 55 A. S. R. 757; Note on Agreement to Give Mortgage, 4 Am. St. Rep., 700.

The exemptions of personal property do not apply to debts which are secured by liens on such property. R. S., art. 3793; Rose v. Martin, 33 S. W., 284; Bigger v. Jones, 3 W. & W. Ct. App. Civ. Cas., sec. 227; Mason v. Bumpass, 1 W. & W. Ct. Civ. Cas., sec. 1338.

MR. McCLENDON, PRESIDING JUDGE, delivered the opinion of the Commission of Appeals, Section B.

This case is presented upon certified questions from the Court of Civil Appeals of the Second District. The statement and questions certified follow:

"This suit originated in the County Court of Tarrant County for Civil Cases. The First State Bank of Handley, hereinafter called the Bank, sued C. M. Sparkman and A. D. Dickinson on a note in the sum of $150, alleged to have been executed in favor of the Bank by Sparkman and Dickinson. Plaintiff alleged that a verbal chattel mortgage had been given by the defendant Sparkman to plaintiff on a span of mules, then owned and in the possession of Sparkman, and that Sparkman agreed to keep said mules in Tarrant County until said note was paid; that said Sparkman removed said mules from Tarrant County, without the consent of plaintiff; that the note was past due and unpaid, etc. It was alleged that Dickinson signed said note as surety. Wherefore it prayed for a judgment for its debt, and for a foreclosure of its alleged chattel mortgage. By supplemental petition, plaintiff alleged that defendant Sparkman in order to secure the loan, agreed to give a written mortgage on

said span of mules, that he had said mules mortgaged to secure a loan at another bank, and that he used this money to take up the other mortgage; that at said time, defendant Sparkman claimed that he was in a hurry and desired to have the money to go at once and pay off the other note and mortgage, and instructed plaintiff to draw up said mortgage according to the agreed terms, which plaintiff did, and that he would return at once and execute the mortgage. Plaintiff further alleged that after the defendants had signed the note, and upon the promise of said Sparkman to execute the written mortgage, the Bank permitted defendant to take the proceeds of the note with him for the purpose of paying off the mortgage at the other bank; that subsequently Sparkman failed and refused to sign a written mortgage; that the Bank would not have loaned him the money except for his promise to execute a written mortgage and relied on Sparkman's fulfilling his promise. Hence, the Bank pleaded, that it had an equitable mortgage on said mules. The jurisdiction of the county court was evidenced by a plea that the mules alleged to have been covered by the mortgage, verbal or equitable, were of the value of $300.

The judgment of the court, the cause having been tried without the aid of a jury, was for plaintiff, both for its debt and for a foreclosure of its mortgage lien. The wording of the judgment would support either theory advanced by plaintiff in its two counts, (1) that a naked verbal mortgage was given by defendant Sparkman; (2) that he promised to give a written mortgage and the Bank extended the loan relying on such promise, and hence that it had an equitable mortgage. From this judgment defendant Sparkman appealed. The judgment of the trial court was affirmed, as shown by opinion of this court accompanying this certificate. Appellant in due time filed his motion for rehearing, which was overruled February 16, 1918. Appellant then filed his motion for leave to file a second motion for rehearing, and to certify. These motions were both granted by this court, and the judgment overruling appellant's first motion for rehearing was set aside.

The evidence discloses that Sparkman was at the time of the transaction mentioned a married man, and owned no other horses or mules except the two alleged to have been mortgaged. The evidence further shows that the cashier of the appellee wrote up a mortgage for appellant to sign, and that he thought appellant had signed it until after the latter had left the bank with the note, in order to get the signature of the other defendant, Dickinson. That the Bank required both the personal security given by Dickinson's signature and the mortgage, in order to make the loan. That later Dickinson returned with the note, signed by him and Sparkman, and got the money thereon, and that same was used to pay off the note at the

other bank. That later the cashier of the appellee wrote Sparkman several letters asking him to come in and sign the mortgage, but that the latter would not do so. Dickinson testified that Sparkman told him, when the former came to the latter to secure his signature to the note, that he had given a mortgage on his mules to the Bank to secure the note. Sparkman's testimony contradicts the other two witnesses in certain respects but we believe the evidence is sufficient to sustain the conclusion that Sparkman did give a verbal mortgage on the mules, or promised to give a written mortgage thereon, and that the Bank let him have the money, relying on such promise.

The question involved in this case is one of some importance to the citizenship of our State, and of interest to the profession, and we deem it advisable to certify to your Honors the following questions:

1st. Is a verbal mortgage on chattels valid as between the parties, where it is not given to secure part of the purchase price of such chattel?

2d. If the first question be answered in the affirmative, would the fact that the chattel attempted to be mortgaged by parol was exempt property affect the validity of the mortgage?

3d. Would an equitable mortgage be established by the fact that the Bank had made the loan to Sparkman relying on his promise to execute a written mortgage?"

At Common Law a valid mortgage of personalty could be made without writing, and this seems to be the uniform holding in the American courts, except where there has been some statutory regulation to the contrary. Jones on Chattel Mortgages (3 Ed.), sec. 2; 5 A. & E. Enc. of Law (2 Ed.), p. 654; 1 Cobbey on Chattel Mortgages, sec. 13 to 15, inclusive; 11 Corpus Juris, p. 405, sec. 9 and p. 454, sec. 73; McCoy v. Lassiter, 95 N. C., 91; Mower v. McCarthy, 79 Vt., 142, 7 L. R. A. (N. S.), 418, 118 Am. St., 942, 64 Atl. 578. A collation of authorities in support of this proposition may be found in above citations to Corpus Juris, American & English Encyclopedia of Law, and 7 L. R. A. (N. S.)

We have no statute in this State which in any way modifies this Common-Law rule in so far as it concerns the rights of the original parties to the mortgage agreement.

Pasc. Dig., Article 3876, which has been carried into our present Revised Statute's Article 3969, renders fraudulent as to creditors any reservation or limitation of use in goods and chattels, where the possession remains in another, unless declared by will or by instrument in writing duly recorded. It is clear that this provision has no application to such transactions between the original parties thereto.

Revised Statutes, Article 5654, declares all reservation of title in chattels as security for the purchase money to be chattel mortgages,

and renders such reservations void as to creditors and *bona-fide* purchasers unless in writing and registered as required by law; and Article 5655 renders all chattel mortgages which have not been properly registered void as against subsequent purchasers, mortgagees and lien-holders in good faith. These statutes clearly affect only the rights of purchasers and creditors and have no bearing upon the transactions as between the original parties. Our courts have uniformly so held. San Antonio Brewing Ass'n. v. Arctic Ice Machine Mfg. Co., 81 Texas, 99.

Revised Statutes, Article 7170, requires that upon the sale, alienation or transfer of every horse, mare, mule, etc., the delivery shall be accompanied by written transfer, and Article 7171 provides that upon the trial of the right of the property of such animals, possession without such written transfer shall be deemed *prima facie* illegal. Wells v. Littlefield, 59 Texas. 556, holds the effect of these articles to be merely to render possession, without a written transfer, *prima facie* illegal, and that "nothing prevents a title to such property from passing without a bill of sale if it can be proved that it was *bona fide* made, upon sufficient consideration, and that no evasion of the law was intended." It may be questioned whether these two articles have any reference to chattel mortgages. But however that may be it is clear that the requirement of a written instrument is not made absolutely essential, and a *bona fide* transfer or other alienation may be shown by parol. The holding in Wells v. Littlefield was approved in Brown v. Vaughan, 70 Texas. 47, and Prude v. Campbell, 85 Texas, 5, in which cases distinction is drawn between Articles, 7170 and 7171, on the one hand, and Article, 7172 on the other; the latter dealing with stock running upon the range.

The particular question of the validity of a verbal chattel mortgage when not given for purchase money has not been authoritatively passed upon by our Supreme Court; and some confusion has arisen from the broad statement in Gay v. Hardeman, 31 Texas, 245 (decided by the Reconstruction Court) that at common law a chattel mortgage could not be created by parol; and by the reference to that case in Lazarus v. Bank, 72 Texas, 356. But the question was not necessarily involved in the Hardeman case, since the contest there arose between the mortgagee and a subsequent purchaser from the mortgagor, and the decision is expressly rested upon Pasc. Dig., Article 3876, referred to above. In the Lazarus case the question presented was the validity, as between mortgagees of the same chattels, of a previous verbal agreement between the morgagor and one of the mortgagees that the latter's mortgage should have priority over the others. It was held that the verbal agreement was void as to the other mortgagees, since the question was controlled by Revised Statutes, Article 3190b (present Article 5655, above.) Prior

to the decision in Crews v. Harlan, 99 Texas, 95, one of the Courts of Civil Appeals followed the dictum in Gay v. Hardeman, Harrold v. Barwise, 30 S. W., 498.

In the Crews case the Supreme Court held that a verbal reservation of title in chattels to secure the purchase money constituted a valid chattel mortgage between the original parties; but expressed no opinion whether the same rule applied to an ordinary chattel mortgage. Since that decision was rendered, some of the Courts of Civil Appeals have followed the Common-Law rule first announced. Edwards v. Mayes, 136 S'. W., 510; Clark v. Bank, 200 S. W., 197; Gardner v. Bank, 118 S. W., 118. In the last case writ of error was refused.

We can perceive no reason which would render void between the parties an ordinary chattel mortgage, which would not have equal application in principle to a verbal reservation of title in chattels. Indeed the reason for the Common-Law rule that a chattel mortgage may be created by parol ''results from the established principle that at Common Law a valid sale or transfer of personal property need not be in writing.'' Jones on Chattel Mortgages (3 Ed.), sec. 2. Nor can we perceive any valid reason why the Common Law upon this subject, as declared by the highest courts of other American States, should not be held of force in this State until the policy of the law has been declared otherwise by the legislative branch of the State government.

We conclude, therefore, that the first question should be answered in the affirmative.

The second question, we think, should be answered in the negative. Revised Statutes, Article 3793, provides that personal property exemptions shall not apply when the debt is secured by lien on such property. There is no provision which in any way regulates the form or manner in which such liens shall be created or by means of which they shall be evidenced. In the absence of such regulation we think it only requisite that the lien be such as the law generally recognizes as valid.

From the equity rule which regards that as done which ought to be done, it is now generally held that an agreement to give a mortgage, when supported by a valuable consideration, creates an equitable lien. 3 Pomeroy's Equity Jurisprudence, sec. 1237. While this rule is not applicable to real estate where the agreement is verbal, as contravening the statute of frauds, still, even as to real estate such verbal agreement creates an equitable lien where money is advanced with which to purchase the property, and is actually so used. Lumber Co. v. Bank (Kan.), 6 A. & E. Ann. Cas. 44, and authorities cited in note at page 46. In the above case of Prude v. Campbell, a verbal agreement to sell range cattle was held enforcible, although a parol

transfer would have been void under Revised Statutes, 7172. That a verbal agreement to give a chattel mortgage creates an equitable lien is now well settled. Jones on Chattel Mortgages (3 Ed.), sec. 3; Edwards v. Mayes, supra; Davis v. Childers, 45 S. C., 133, 55 Am. St., 757, 22 S. E., 784.

We conclude that the third question should be answered in the affirmative.

### By the Supreme Court

The opinion of the Commission of Appeals answering certified questions is adopted, and ordered certified to the Court of Civil Appeals.

*C. M. Cureton, Chief Justice.*