## WHITIS et al. v. HINCKLEY et al.
### (No. 10427.)

Court of Civil Appeals of Texas. Dallas.
June 22, 1929.

B. G. Ashby, of Dallas, for plaintiffs in error.

R. T. Meador, of Dallas, for defendants in error.

LOONEY, J. Hinckley sued Whitis on a promissory note and to foreclose the lien of a chattel mortgage on an automobile. The automobile was seized under writ of sequestration and was replevied by defendant.

Defendant filed a motion to quash the sequestration on the ground that no mortgage existed, as basis for the proceedings. The record fails to disclose any action of the court on this motion, but the same fact was alleged by defendant as defensive matter in his answer to the merits of the case.

The trial was to the judge and resulted in a judgment in favor of plaintiff for the debt, foreclosure of the chattel mortgage lien on the automobile, and against the sureties on the replevy bond.

Defendant appeals by writ of error, without a statement of facts, and contends that the judgment of foreclosure, and against the sureties on the replevy bond, should be reversed, because the allegations of plaintiff's amended petition, on which the case was tried, disclosed the fact that he had no mortgage, that is, a written mortgage on the automobile, as alleged in his original pleading. We cannot agree to the correctness of this contention.

In the original petition and affidavit for sequestration, plaintiff alleged that the note was secured by a chattel mortgage lien on an automobile. Plaintiff did not indicate whether the mortgage, sought to be foreclosed, was written or verbal, but this omission was immaterial; the matter was one of proof and not of pleading.

However, in an amended petition plaintiff in one count declared upon a verbal chattel mortgage; in another, he set up an equitable lien, resulting from the fact that defendant breached a verbal agreement to give plaintiff a written mortgage on the automobile.

The court rendered judgment foreclosing a chattel mortgage on the automobile, and, in the absence of a statement of facts, the presumption will be indulged that the evidence established the existence of the verbal mortgage as alleged by plaintiff.

That a verbal mortgage on chattels is valid, as between the parties, has been definitely settled in this state. See Sparkman v. First State Bank, 112 Tex. 33, 244 S. W. 127.

Writs of sequestration, otherwise authorized, may properly issue in suits for the foreclosure of mortgages, verbal or written, or for the enforcement of any valid lien on

personal property. See article 6840, subd. 3, Rev. St. 1925.

We therefore overrule the contention of plaintiff in error, and affirm the judgment of the court below.

Affirmed.