**EDINBURG THEATRES, INC., Appellant,**

v.

**C. A. RICHTER et al., Appellees.**

No. 14084.

Court of Civil Appeals of Texas.

San Antonio.

April 17, 1963.

Rehearing Denied May 15, 1963.

L. A. Ashcroft, McAllen, A. B. Haston, San Antonio, for appellant.

Henrichson & Bates, Edinburg, Jones & Flores, McAllen, for appellees.

MURRAY, Chief Justice.

This suit was instituted by Edinburg Theatres, Inc., against C. A. Richter and Southwest Theatres, Inc., for the conversion of certain personal property located in three theatres in the City of Edinburg, Hidalgo County, Texas. The trial was to a jury and resulted in judgment that plaintiff take nothing. Edinburg Theatres, Inc., has prosecuted this appeal.

The record shows that one Noble Holt purchased three theatres, namely, the Citrus Theatre, the Juarez Theatre and the Aztec Theatre, from appellees on February 20, 1957, paying the sum of $25,000.00 in

cash, and executing a vendor's lien note for the sum of $100,000, together with a deed of trust to secure its payment. The deed, note and deed of trust described the land but made no mention of the personal property and fixtures. It is the contention of appellant that at the conference when the deal was closed, the cash paid, the deed, note and deed of trust passed, it was agreed that appellees would not have a lien or chattel mortgage on the personal property. Later, the personal property located in the three theatres was transferred by Noble Holt to Edinburg Theatres, Inc.

Default was made in the payment of the $100,000.00 note and the theatres were sold under the power of sale provided in the deed of trust, on March 3, 1959. The personal property in the theatres was included in the trustee's deed, and appellees immediately took possession of the theatres and all of the personal property.

The case was submitted to a jury upon the following two special issues which were answered by the jury as indicated:

"SPECIAL ISSUE NO. 1:

"Do you find, from a preponderance of the evidence, that the Defendants, in Hidalgo County, Texas, on or about March 3, 1959, did take and convert to their own use and benefit any of Plaintiff's property, which is described in Plaintiff's petition?

"Answer 'Yes' or 'No'.

"We, the Jury, answer: No.

"SPECIAL ISSUE NO. 2:

"Do you find, from a preponderance of the evidence, that the Plaintiff, Edinburg Theatres, Inc., its agents or employees, had notice of a claim to a lien if any by Southwest Theatres, Inc., on the personal property, if any, located within the Citrus, Aztec and Juarez Theatres, prior to December 18, 1958?

"Answer 'Yes' or 'No'.

"We, the Jury, answer: Yes."

Based upon these findings, the trial court entered a take-nothing judgment against appellant.

Appellant did not make a motion for judgment notwithstanding the verdict, but here contends that the evidence conclusively establishes the fact that the deed of trust did not cover the personal property located in the three theatres and therefore appellees had no title to such property by reason of the foreclosure under the power of sale provided in the deed of trust.

The issues submitted to the jury were general issues, and in effect resolved all of the conflicts in the evidence in favor of appellees.

■ The vendor's lien and the deed of trust lien unquestionably covered the land, the theatre building and the fixtures in the building. The fixtures were a part of the realty and were therefore covered by the deed of trust. The evidence is sufficient to show that a large portion of the so-called personal property in the buildings were fixtures, such as the seats, fastened to the floor, the carpets on the floor and stairways, and the installed air conditioners and gas fixtures. On the other hand, there was other personal property that was not fixtures, such as chairs, pianos, adding machines, popcorn machines and typewriters.

When the deal was closed for the sale of the three theatres to Noble Holt by Southwest Theatres, Inc., represented by C. A. Richter, the owner of all the stock in the corporation, in the law office of E. G. Henrichson, located in Edinburg, Texas, the evidence clearly shows that the parties agreed that a chattel mortgage would not be executed on the personal property located in the theatres, but it is equally clearly shown that the Southwest Theatres, Inc., was to have a verbal lien upon this personal property to secure the balance due

on the purchase money for the theatres. This is shown by the evidence of E. C. Henrichson, who testified as follows:

"It (the consideration) was $125,-000.00, and Noble Holt paid Dr. Richter $25,000.00. At the time, both of them were in there and we were drawing up the papers and I said, 'You will have to get me a list of the personal property in the theatres so we can prepare a chattel mortgage,' and Holt said, 'No, we will leave it like it is. If he takes a chattel mortgage on the little items of equipment, I intend to spend $30,000.00 on those theatres and I will increase his security by that much and the property will be there, he has nothing to worry about, if he takes a chattel mortgage I will have to be running to him for a release every time I want to replace something, and that is the only reason I am paying $25,000.00 down, I want to use the other money to improve the theatres with.'"

■■ The statement by Noble Holt to the effect that he intended to spend $30,-000.00 on the theatres and thus increase the security of Richter, and that he would have nothing to worry about, shows that the only thing Holt was objecting to was the execution of a written chattel mortgage which would require a release every time he replaced an old piece of personal property with a new one. It further shows that Holt understood that Richter was to have an oral lien. No issue as to the existence of a lien was requested or submitted to the jury, and therefore the trial court will be presumed to have found on this question in a manner to support its judgment. Rule 279, Texas Rules of Civil Procedure.

■ An oral lien is perfectly valid as between the parties to the agreement and their privies. It is only where rights of innocent third parties intervene that an oral lien becomes ineffective, and there are no innocent third parties involved here. 37A Tex.Jur. § 264, pp. 547 et seq. An oral lien need not be expressly given, it can be inferred from the statements and conduct of the parties. Here there can be no doubt that Holt intended that Richter should have an oral lien. It is true that Holt afterwards executed a bill of sale covering the personal property to appellant, but the jury found, based upon sufficient evidence, that appellant took this bill of sale with knowledge that Richter and the Southwest Theatres, Inc., were asserting a lien on the property, and therefore appellant was not an innocent purchaser.

■ Appellant contends that such personal property had not become fixtures in the theatres and was not covered by the deed of trust, and therefore could not have been sold under the power of sale in the deed of trust. This is quite true, but appellees are now in possession of this property and have a valid lien on it. Appellant cannot recover the property or damages for its conversion so long as a part of the purchase money remains unpaid. Appellant has not tendered the balance due by it as purchase money, and cannot recover the property or the value thereof so long as the purchase money remains unpaid. Appellees are mortgagees in possession and cannot be dispossessed so long as the purchase price remains unpaid. Jasper State Bank v. Braswell, 130 Tex. 549, 111 S.W.2d 1079, 115 A.L.R. 329; Dyess v. West's Estate, Tex.Civ.App., 257 S.W.2d 737; Hollums v. Hicks, Tex.Civ.App., 179 S.W.2d 824; Broussard v. American Nat. Ins. Co., Tex.Civ.App., 133 S.W.2d 814; City Nat. Bank of Houston v. Moody, Tex.Civ.App., 115 S.W.2d 745.

The judgment of the trial court is affirmed.