George D. HIPP, Appellant,

v.

James W. MOSS et al., Appellees.

No. 7354.

Court of Civil Appeals of Texas.

Amarillo.

May 25, 1964.

Rehearing Denied June 29, 1964.

Clayton, Martin & Harris, Amarillo, for appellant.

Neal, Hazlewood & Wolfram, Amarillo, for appellees.

NORTHCUTT, Justice.

James W. Moss, appellee, filed this suit in the trial court as plaintiff against A. D. Falls seeking the establishment and foreclosure of an artisan's lien against a diesel tractor owned by Falls and to which repairs were made by appellee. George D. Hipp, appellant, intervened in the suit pleading a first, prior and superior chattel mortgage lien against such diesel tractor to secure the payment of monies due him by Falls and seeking foreclosure thereof. The case was tried to the court without a jury. The trial court entered judgment to the general effect that appellant had a first and superior

chattel mortgage lien securing a portion of the monies due him by Falls but that appellee had a first and superior artisan's lien as to the balance of monies owed by Falls to appellant. It is from that judgment of the trial court that appellant perfected this appeal.

Although the appellant presents this appeal upon twenty-six assignments of error, we are of the opinion the real and only issue to be determined is did the court err in giving the appellee a superior lien on the tractor in question as to a portion of the indebtedness owed to appellant by Mr. Falls as presented by appellant's assignment of error No. 4, which we here sustain. Appellant had advanced to Falls $3,500 to apply as a down payment on the purchase price of his equipment including the tractor and signed a note with Falls payable to the American National Bank which was secured by a lien upon the tractor in question as shown upon the certificate of title to Falls. The note was payable in monthly installments. Sometimes Falls was not able to make the monthly payments and said payments were made by appellant. Finally, Falls told appellant that if he would pay the balance due on the note held by the American National Bank, he could hold the lien held by said bank as security for all that Falls owed appellant. On December 19, 1962, appellant paid to the American National Bank the balance due on said note and the note and mortgage were transferred to the appellant.

Appellee Moss had performed some labor upon the tractor and had furnished some materials used in his work on the tractor. On December 27, 1962, Moss filed suit against Falls for the amount due him for his labor and materials and had a writ of sequestration issued and served and asked for judgment for his debt with a foreclosure of his mechanic's and repairman's lien. Appellant replevied the truck. Appellant filed his plea of intervention as against Moss and Falls praying that he have judgment against Falls for his debt, damages, interest, attorney's fees, and judgment against both Falls and Moss for foreclosure of his mortgage lien, an order of sale, cost of suit and judgment declaring that any right, title, or interest which Moss might have in said tractor be declared subordinate and inferior to the mortgage lien of appellant. Falls entered his appearance but did not answer or contest the suit of either party. The court rendered judgment in favor of appellant as against Falls for the full amount that Falls owed appellant and declared appellant had a superior lien to that held by Moss to the extent of the balance due on the note transferred to appellant by the American National Bank; that Moss held a prior lien to that of appellant as to the balance owed appellant by Falls.

The trial court in the findings of fact found appellant had actual knowledge of the existence of the artisan's lien claimed by Moss as against the truck prior to the time suit was filed by Moss and that appellant had constructive notice and knowledge of the existence of the artisan's lien claimed by Moss prior to the time the suit was instituted. The court further found neither prior to nor at the time appellant paid the American National Bank monies due it on the note executed by Falls and took an assignment of the note and chattel mortgage lien did Falls orally agree with appellant that such chattel mortgage covering the tractor involved would secure the payment of all the money owed by Falls to appellant.

■■ There is no evidence in this record to substantiate that appellant had any notice, actual or constructive, prior to the filing of appellees' suit. Neither is there any evidence to substantiate a holding that Falls never at any time orally agreed with appellant that such chattel mortgage covering the tractor involved would secure the payment of all the money then owed by Falls to appellant. In direct conflict with such holding, Falls testified: "When we agreed for him to pay it off, just like before, the tractor stood good for all I owed him." He

further testified in accordance with the agreement he had made with appellant the chattel mortgage on the truck was to secure the total amount that Falls owed appellant. He further testified that he owed appellant the amount sued for and did not contest it. The testimony of Falls was never contradicted by any witness, or attendant circumstances, and the same was clear, direct, and positive and free from contradictions, inconsistencies and circumstances tending to cast suspicion upon it. It should, therefore, be taken as true as a matter of law that such agreement was so made. Employers Liability Assur. Corp. v. Groinger & King, Tex.Civ.App., 299 S.W.2d 175 (N.R.E.); Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904; Springfield Fire & Marine Ins. Co. v. Wm. Cameron & Co., Tex.Civ.App., 96 S.W.2d 788 and cases there cited. There are neither pleadings nor evidence on the part of the appellee that he claimed a lien prior to that of the appellant. He had constructive notice of the indebtedness and lien held by the bank as shown by the certificate of title. Perkins v. Martel, Tex.Civ.App., 277 S.W.2d 741.

■■ The parties to a chattel mortgage may agree it shall secure a later debt or one different from that described in the mortgage. Coleman Nat. Bank v. Cathey, Tex.Civ.App., 185 S.W. 661 (writ refused). Falls and the appellant had the right to enlarge the indebtedness secured by the mortgage by oral agreement at the time the mortgage was executed or by subsequent parol agreement in the absence of pleading and evidence showing the appellant knew of appellees' artisan's lien. Moore v. B. & M. Chevrolet Co., Tex.Civ.App., 72 S.W.2d 945; Sparkman v. First State Bank of Handley, 112 Tex. 33, 244 S.W. 127; G. M. Carleton Bros. & Co. v. Bowen, Tex.Civ. App., 193 S.W. 732.

■ We are of the opinion, and so hold, that since the testimony of Falls showed that he orally agreed that appellant Hipp was given a lien, as here contended, to se-cure payment of all that Falls owed him was undisputed and uncontroverted, and there being no other evidence as to such matter, it constitutes a question of law. Jones v. Hubbard, Tex.Civ.App., 302 S.W.2d 493; City of Waco v. Marstaller, Tex.Civ.App., 271 S.W.2d 722.

That portion of the judgment entered by the trial court granting appellee a prior lien to that of appellant as to a portion of appellant's judgment against Falls is hereby reversed and judgment here rendered declaring all of appellant's judgment against Falls to be a first and superior lien on the tractor to that of appellees' judgment against Falls. The remaining portion of the trial court's judgment is hereby affirmed.