M. M. HAND, Appellant,

v.

LUBBOCK PRODUCTION CREDIT ASSOCIATION, Appellee.

No. 8101.

Court of Civil Appeals of Texas, Amarillo.

April 5, 1971.

Rehearing Denied May 3, 1971.

Huffaker & Green, Harold Green, Tahoka, for appellant.

Crenshaw, Dupree & Milam, R. K. Harty, Lubbock, for appellee.

JOY, Justice.

This suit was brought by appellant seeking to recover 67 shares of Class A stock and 977 shares of Class B stock from appellee association purchased on credit by appellant. In the alternative, appellant asked for the par value of the stock in the total amount of $5,220.00. Trial was had to the court without a jury and from judgment for the defendant, the plaintiff has perfected this appeal. Affirmed.

Appellant was in the business of farming and, in connection therewith, borrowed monies on various occasions from appellee. As a borrower from appellee, appellant was given certain rights to purchase stock of various classes in appellee association. In 1965, appellant owed appellee in excess of $100,000.00 evidenced by promissory notes secured in part by mortgages and deeds of trust. Appellant owned two quarter sections of land of approximately 320 acres and a three-acre tract upon which was located his residence. Appellant and wife executed a general warranty deed dated April 8, 1965, conveying the two quarter sections of land to appellee association. Appellant further executed chattel mortgages in favor of appellee, covering various crops and farm equipment. Appellant and wife were granted a one-year option to repurchase the two tracts of land at the stated price of $70,000.00; or one designated tract for $20,000.00, and the other tract for $50,000.00. The option agreement entered into specified that the consideration paid by appellee to appellant and wife, which was further reflected in the general warranty deed, was $70,000.00. The consideration paid by appellee was credited against the indebtedness of appellant. On April 1, 1966, appellant filed suit against appellee to set aside the deed on part of the land previously conveyed, contending that the deed was in fact a mortgage and therefore, appellant was entitled to 197 acres as a homestead exempt from the mortgage. Negotiations pointing toward settlement were begun and a written settlement agreement entered into by the parties. An agreed judgment was entered in accordance with the settlement agreement.

The issue here is whether or not the stock agreed to be purchased by appellant, but never actually issued by appellee association and never paid for by appellant, was covered by the settlement agreement. And further, if the stock was not covered by the settlement agreement, whether or not appellee had the right to cancel the shares of stock in accordance with the by-laws of the appellee association.

The appellant takes the position that the transactions in reference to the stock amounted to a "pledge" and not a "chattel mortgage". The settlement agreement provided that the deed previously delivered by appellants was a valid conveyance and not a mortgage; further, that the option agreement had expired by its own terms and was of no further force and effect. The agreement also provided in part: "The said M. M. Hand and wife, Marine Hand, shall convey to Lubbock Production Credit Association all the implements and personal property covered by chattel mortgages in favor of said association * * *." Various loan applications signed by appellant contained a printed statement that the applicant (for loan and membership in the association) agreed to abide by all by-laws and regulations of the association. The by-laws provided in part:

> "Unless otherwise provided in the stock certificate, the association shall have a first lien on all stock in the association owned by borrower as additional collateral for any indebtedness of the borrower to the association and, in the event of default, such stock may be retired pursuant to Section 660 of these by-laws".

The by-laws further provided that the association might retire and cancel any stock

of a borrower in default on a loan and the proceeds applied against the indebtedness of the borrower. Appellee retired the stock and credited its value on appellant's indebtedness.

We are unable to find any merit to appellant's contention. No stock certificates were delivered to appellant representing the shares of stock claimed. Appellant never requested that certificates be issued and delivered to him. However, even if certificates had been issued to appellant, the appellee retained the right to cancel the shares of outstanding stock as provided in the by-laws of the association upon the failure of appellant to pay his indebtedness in full. The certificates themselves, being indicia of share ownership in the association only, would have been rendered worthless at any rate in appellant's hands. A chattel mortgage is nothing more than a lien upon personal property and the possession of the chattel either in the mortgagor or mortgagee does not ipso facto convert the chattel mortgage to some other form of lien. A chattel mortgage, valid as between the parties thereto and absent any intervening third party rights, may be created by purely an oral agreement. Edinburg Theaters, Inc. v. Richter, 367 S.W.2d 354 (Tex.Civ.App.—San Antonio 1963, n. w. h.); Sparkman v. First State Bank of Handley, 112 Tex. 33, 244 S.W. 127 (Tex. Com.App., 1922, opinion adopted by Supreme Court). This principle is recognized also by Article 5489 T.R.C.S. and possession of the chattel in the vendor is subtly recognized by the proviso that " * * * when possession is delivered to the vendee, be void. * * * " clearly indicating that possession may be retained in the vendor with a valid oral chattel mortgage retained by the vendor.

The appellee, even after crediting the appellant's indebtedness with the value of the stock, charged off as a loss on the total indebtedness of the appellant the sum of $14,827.07. We think it would be unreasonable to read into the settlement agreement an intent by the parties other than to settle all the indebtedness of the appellant, including the foreclosure of the lien retained by the appellee against the shares of stock purchased by appellant on credit. We agree with the trial court that the lien reserved by appellee through the provisions of the various loan applications and the by-laws of the association constituted a chattel mortgage within the meaning of a settlement agreement. Affirmed.